GAUNT *v.* TAYLOR.

*(Supreme Court, General Term, Second Department.    July 2, 1891.)*

INFANCY—ACTIONS—FRAUD OF INFANT.

Defendant applied to plaintiff to purchase a wagon, representing that he (defendant) was keeping a store in M., and "doing a nice little business" in his own name.  A friend of defendant, who was with him, said that defendant was all right.  Plaintiff thereupon sold the wagon to defendant, who made a cash payment, and gave a written promise to pay the balance.  It afterwards appeared that defendant did not own the store, but was transacting business for his sister, whose name he signed to the writing, and that he was an infant.  *Held*, that plaintiff was entitled to recover damages from defendant for wrongfully obtaining the wagon from plaintiff.

Appeal from Orange county court.

Action by William I. Gaunt against Ira P. Taylor.  A judgment in favor of plaintiff was reversed by the county court, and plaintiff appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*W. D. Mills,* for appellant.  *T. A. Read,* for respondent.

DYKMAN, J.   This is an appeal by the plaintiff from a judgment of the county court of Orange county, reversing a judgment against the defendant in favor of the plaintiff, obtained in a court of a justice of the peace, and, if the judgment is to endure, it will crown with success the perpetration of a fraud which deceived the plaintiff, and induced him to sell the defendant the property in question.  The defendant applied to the plaintiff to purchase a wagon, and in answer to the inquiry of the plaintiff respecting his pecuniary circumstances he said he was keeping a store in Middletown, and "doing a nice little business" in his own name.  A friend of the defendant, who was with him, said he was all right.  The plaintiff was thus induced to sell the wagon to the defendant, who thereupon gave him the following paper, which was signed by the defendant:   "CHESTER, N. Y., April 1, 1890.   I this day bought a wagon of W. I. Gaunt, for $175.00.  Gave a check for $25.00.  Agree to pay $50.00 in sixty days, and ten dollars per month until April 1, 1891, and then will pay all balance due.  A. E. TAYLOR, 72 E. Main St., Middletown, N. Y."   It transpired subsequently that the name signed to that

instrument was the name of the sister of the defendant; that he was transacting business for her; that he did not own the store; and that he was under 21 years of age. It thus appeared that he was transacting business in the name of his sister, which was evidence of his insolvency, and that he did not sign his own name to the paper promise to pay for the wagon, and that he was incapacitated by his infancy to make a valid and binding contract with the plaintiff. The fraud and insolvency of the defendant were sufficiently established, and the plaintiff had the legal right to bring an action against the defendant to recover the damages he sustained by the transaction. Such an action is based upon the fraud practiced upon the plaintiff, and it may be maintained without a return of the money received upon the delivery of the wagon. The complaint contains facts sufficient to constitute a cause of action for damages for wrongfully obtaining the wagon from the plaintiff by the defendant, and the prayer for relief is not material, because the defendant appeared and answered; and the plaintiff was entitled to the judgment to which his complaint and evidence showed him entitled. He could not have a judgment for the return of the wagon because he had not returned the money he received upon the sale, and thus rescinded the contract; and therefore he could have a judgment for the amount of his damages, and that is what the judgment of the justice awarded him. Although inartificially stated, the judgment was for the plaintiff for $154.50, if the possession of the wagon was not delivered to the plaintiff. That judgment was just, and there were no substantial reasons for its reversal; and, if judgment had been rendered by the court according to the justice of the case, without regard to technical errors, as the law requires, the judgment would have been affirmed. We must therefore do now what the county court erroneously failed to do. The judgment of the county court should therefore be reversed, and the judgment of the justice's court be affirmed, with costs. All concur.