MARY H. OAKLEY, Appellant, *v.* GEORGE W. OAKLEY and Others, Respondents.

*Claim of dower in property deeded away by the husband before marriage — admission in an answer.*

A widow brought an action to set aside a deed made, intermediate their engagement and their marriage, by her deceased husband to his sons by a former marriage, and to obtain dower in the property covered thereby, on the ground that the deed was made to deprive her of dower and was fraudulent as against her.

It was found on the trial of the action that the deed was free from fraud, and also that the plaintiff had accepted a provision of her husband's will made in lieu of dower

*Held,* that the complaint was properly dismissed.

If an admission in an answer is relied upon by a plaintiff in support of his case, it must be taken with any explanation or qualification contained therein.

APPEAL by the plaintiff, Mary H. Oakley, from a judgment of the Supreme Court, rendered at the Kings County Special Term and entered in the office of the clerk of Kings county on the 3d day of January, 1893, dismissing the complaint, and from an order entered in said clerk's office December 31, 1892, denying the defendants' motion for a new trial.

The action was brought by Mary H. Oakley, the widow of Whitson Oakley, deceased, to set aside a deed made by said Whitson Oakley of certain premises in Brooklyn, to his sons by a former marriage, in consideration of love and affection, between the time of the engagement of marriage between the plaintiff and said Whitson Oakley and their marriage, and to obtain dower in the premises covered by the deed. The plaintiff claimed that the deed was made with the intent of depriving her of dower and was fraudulent and void as against her.

It was found upon the trial that Whitson Oakley left a will, whereby he gave the plaintiff $4,000 expressed to be in lieu of dower, and that the plaintiff had received and accepted that sum from his estate with knowledge of the provisions of the will.

*R. H. Underhill,* for the appellant.

*Benjamin C. Hitchings,* for the respondents.

PRATT, J. :

There is no foundation for this suit in law or equity.

It is plain that if the deceased Oakley made a valid conveyance of his property before marriage with the plaintiff she is not entitled to dower, and equally plain that if he was seized of the property at the time of his death she is not entitled to dower for the reason that she has accepted provisions in his will made in lieu of dower.

Perhaps this is all that is necessary to be said, but it may not be amiss to add that it did not appear, and the court has so found, that assuming that relation, Oakley, the deceased, who at one time owned the property and conveyed it to the defendants, there was any fraud or intent to defraud in the transaction. All the proof upon the trial was contained in the pleadings, and it is too well settled to require comment that if an admission in an answer is relied upon it must be taken with any explanation or qualification contained therein.

The answer taken as a whole rebutted any inference of fraud on the part of deceased, and the court has so found.

In addition, the court has found that the giving of the deed by the deceased was a perfectly straightforward, legitimate transaction, "free from fraud against the plaintiff and in pursuance of his duty and obligation to them."

The court further found that the provision in the will was intended to be in lieu of dower, and that plaintiff accepted it with a full knowledge of the provisions in the will.

There is not a scintilla of merit in the suit, and the judgment must be affirmed, with costs.

BARNARD, P. J., and DYKMAN, J., concurred.

Judgment affirmed, with costs.