(22 App. Div. 542.)

YOUNG et al. v. KATZ.

(Supreme Court, Appellate Division, Second Department. November 30, 1897.)

1. PLEADING AS EVIDENCE—ADMISSIONS.

In an action to recover from a lessee's surety for breach of the lessee's covenant to keep the premises in good condition and repair at his own cost and expense, the defendant, in addition to a general denial, alleged as a separate defense that at the time of the execution of the lease the "premises were in tenantable condition and good repair," but that subsequently, and without the fault of defendant or the lessee, they became untenantable, and that plaintiff forcibly entered, evicted the tenant, and made the repairs, thereby releasing the tenant and defendant from liability. Upon the trial the plaintiff attempted to utilize the first clause of this allegation, without the succeeding and qualifying clauses, as an admission that the premises were in tenantable condition and good repair when the lease was executed. *Held*, that the plaintiff could not avail himself of the confession, viewed as a matter of pleading, unless he adopted as true the entire defense.

2. SAME—CONFESSION AND AVOIDANCE.

Where an answer sets up a confession and avoidance, and the plaintiff offers in evidence the confession only, it is not conclusive, and may be rebutted and explained, like other admissions.

Appeal from trial term, Kings county.

Action by Thomas B. Young, individually and as executor of David B. Young, deceased, and Sarah E. Young, against Charles Katz. From a judgment entered on a verdict, and from an order denying a new trial, defendant appeals. Reversed.

In February, 1895, the plaintiffs, by lease under seal, demised to Moritz Kind a certain building in the city of New York for the term of two years and two months from the 1st day of May following, at the annual rent of $900, payable monthly in advance, which rent the lessee promised to pay, and covenanted that he would keep the "premises in good condition and repair at his own cost and expense." By his agreement, annexed to the lease, the defendant undertook, in default of the lessee to do so, to pay the rent, and all damages resulting from the nonperformance of the covenants of the lessee, or any of them. The plaintiffs, by their complaint, allege default of the lessee in payment of the rent for the months of September, October, November, and December, 1895; also, that the lessee did not, after the commencement of the term, keep the "premises in good condition or repair, but, on the contrary, allowed the same to become and remain in poor condition, and out of repair," and failed to repair the same. The defendant, by his answer, admitted the execution of the lease and guaranty, and denied the other allegations of the complaint; and, as a separate defense, the defendant alleged that at the time of the execution of the lease the "premises were in a tenantable condition, and in good repair, but that since the execution of the said lease, and wholly without any fault of this defendant, and without any fault of the tenant mentioned in the said lease, the said premises became wholly untenantable; and thereupon the plaintiffs entered said premises, and took possession thereof, and evicted said tenant therefrom, and made the repairs and alterations in said premises," by reason whereof the defendant and the tenant were released from liability. The trial resulted in a verdict for the plaintiffs.

Argued before GOODRICH, P. J., and CULLEN, BRADLEY, and HATCH, JJ.

Hugo Hirsh, for appellant.
George G. Reynolds, for respondents.

BRADLEY, J. The theory upon which the case was submitted to the jury was that the repairs for which the defendant was chargeable were those of conditions which arose after the commencement of the term, and such view was acceded to by the plaintiffs' counsel on the trial. This was apparently in line with the allegations of the complaint. But whether or not they were thus restricted by such allegations it is unnecessary to inquire, and that question, therefore, is not considered. The covenant of the lessee in question in Lockrow v. Horgan, 58 N. Y. 635, was that he would make the necessary repairs of the premises, and keep them in tenantable order, at his own expense, and quit them at the expiration of the term "in as good state and condition as they were at the commencement of the term, reasonable use and wear thereof, and damages by the elements, excepted." There the impaired condition which rendered the premises untenantable was caused by the settling of one of the walls of the building, and it was held that the reparation of that defect came within the covenant of the lessee. The contest in that case had relation to the nature of the defects covered by the covenant. In Green v. Eden, 2 Thomp. & C. 582, the lessee covenanted "to keep the whole of said house and premises in good repair and condition" during the term. It was there held that the covenant covered certain defective conditions which existed at the commencement of the term. The Green Case is distinguished from White v. Railway, 17 Hun, 98, by the court in the latter case, in the difference in the covenant, which in the present case is as broad as that in Green v. Eden; but there the defects were

apparent, and somewhat different in nature from those in question in the present case. Assuming, as did the court at the trial, that the defendant was liable only for repairs of defective conditions which occurred after the commencement of the term, the question arises whether there was any error in the instructions given by the court to the jury, or in any refusal to charge as requested, to which exception was taken.

The repairs made, and for which the plaintiffs sought to charge the defendant, were: Removing decayed timbers, and substituting new ones, to support the first floor above the basement; putting in an iron sewer pipe in place of a broken earthen pipe; repairing a wall of the building, which was cracked; doing some other mason work; and painting and papering the inside walls of the building. The person representing the plaintiffs, having charge of the property, was unable to testify that those conditions, requiring such repairs, did not exist at the time of the commencement of the term, about seven months of which had expired at the time notice was given by the department of buildings of the city of New York, requiring the owner to repair a wall of the building, take out decayed beams, remove broken plastering, and put the building in good condition. The plaintiffs caused the repairs to be made, with the expense of which they sought, by this action, to charge the defendant. The court having charged the jury to the effect that, if there was no evidence that the beams became rotten and the walls cracked during the occupancy of the tenant, the defendant was not chargeable with the expense of the repair of those defects, its attention was, by the plaintiffs' counsel, called to the answer of defendant, with the suggestion that it contained an admission that the premises were in tenantable condition and in good repair at the time the lease was made. Thereupon the defendant's counsel requested the court to charge the jury that, if the premises were in the same condition at the time of the execution of the lease that they were in when the notice from the building department was served, then the plaintiff cannot recover for the repairs made. The court declined to so charge, and the reason given for such refusal was, "On account of the admission in the answer." The defendant's counsel excepted, and requested the court to charge to the effect that the matter stated in the alleged defense referred to could not be treated as an admission. This was refused, and exception taken. The question therefore arises whether or not the allegation in the alleged defense referred to, that at the time of the execution of the lease the premises were in a tenantable condition and in good repair, was available to the plaintiff as an admission that they then were so. It is not seen how, as a pleading, it can be so treated. The allegation is part of a single alleged defense, and is followed by the averments that since the execution of the lease the premises became untenantable, without the fault of the lessee or of the defendant, and that thereupon the plaintiffs forcibly entered, took possession, and evicted the tenant, and made the repairs. It was a rule in common-law pleading that one plea could not be given the effect to help or destroy another plea in the same suit, but that

every plea must stand or fall by itself; and the application of that rule would not permit the effect of the plea known as the "general issue" to be overcome or impaired by a special plea. That is to say, the plaintiff could not use one plea, as such, in support of the fact which the defendant, by another plea, put in issue. Harington v. Macmorris, 5 Taunt. 228. And consequently, when there was a plea of the general issue, the case had to be tried by the plaintiff upon that issue, without reference to any special plea. Matter alleged in the latter could not be relied upon as an admission to overcome the general issue. Firmin v. Crucifix, 5 Car. & P. 98; Montgomery v. Richardson, Id. 247. The like rule is analogously applicable to our system of pleading. When, as in the present case, the defendant puts in issue the allegations of the complaint by a general denial, and alleges special matter of defense, the confessing allegations contained in it cannot, as matter of pleading, be taken as an admission in support of plaintiffs' alleged cause of action. Railroad Co. v. Kerr, 17 Barb. 581; Redmond v. Tone (Sup.) 10 N. Y. Supp. 506. For the purpose of pleading some defenses, it is not only proper, but may be deemed essential to their completeness, to allege matters, by way of confession, followed by those in avoidance, upon which the alleged defense is founded. It may be observed that new matter, other than that constituting a counterclaim alleged as a defense in answer, is deemed controverted by the plaintiff. Code Civ. Proc. § 522. And it is no legal objection to the answer of a defendant that his alleged defenses are inconsistent. Bruce v. Burr, 67 N. Y. 237. A plaintiff cannot avail himself of the confessing allegations, as a matter of pleading, without taking as true the entire matter of the particular alleged defense. Goodyear v. De La Vergne, 10 Hun, 537; Vanderbilt v. Schreyer, 21 Hun, 537. The learned counsel for the plaintiffs did not in any manner indicate his purpose to adopt as true the entire matter in the alleged defense referred to. Nor would it have been prudent for him to admit that the plaintiffs forcibly entered the premises, and evicted the defendant therefrom.

We have thus far treated the matter alleged in the count or defense referred to as a pleading, as distinguished from it as evidence, and therefore have not considered the effect which might have been given to it as evidence if it had been introduced or taken as such upon the trial. Whitney v. Town of Ticonderoga, 53 Hun, 214, 6 N. Y. Supp. 844; Holmes v. Jones, 121 N. Y. 461, 24 N. E. 701. But, if it should be treated as evidence upon the trial, neither party would be concluded by it, as no estoppel would arise from the use of it as such. The effect of it would be subject to such treatment by further or other evidence as a statement of like import proven by the plaintiff to have been made by the adverse party. Mott v. Ice Co., 73 N. Y. 543. It follows that if such alleged matter may be taken as evidence, for the purposes of the trial, the difficulty is encountered that the confessing allegations in the defense were treated by the court as a conclusive admission of the defendant that the premises were in tenantable condition and in good repair at the time of the execution of the lease, and became otherwise dur-

ing the occupation by the tenant, notwithstanding the inference was permitted by evidence that such was not the fact. In the view taken, the treatment by the court of the statement of the condition of the building at the time of the execution of the lease, alleged in such defense, as a conclusive admission in support of the plaintiffs' alleged cause of action, was error; and, as the defendant may have been prejudiced by the ruling of the court in that respect, the judgment and order should be reversed, and a new trial granted, costs to abide the event. All concur.

CULLEN, J. I concur in the result reached by Mr. Justice BRADLEY in this case, and also in his discussion of the case, except in one particular, where I fear his opinion may be the subject of misinterpretation. It may be necessary, for the purpose of pleading certain defenses, "to allege matter by way of confession, followed by those in avoidance, upon which the alleged defense is founded." But in my opinion, in a verified pleading, however essential to the pleading it may be to make the confession, the confession can only be properly made when it is the truth. There is a marked distinction to be drawn between common-law pleading and the present system, which has prevailed since 1847. Common-law pleading was a marvel of logical accuracy, which would have delighted the schoolmen, but truth was not its dominant characteristic. Indeed, in such pleading fiction was the rule, and fact the exception. In every declaration of ejectment, there was set forth a fictitious demise from a mythical Jackson; and, in an action for conversion, it was properly alleged that the plaintiff lost the property, and the defendant found it, though it was expected to prove on the trial that the defendant had obtained the property by breaking open the plaintiff's safe with a jimmy (if there were safes and jimmies in those days). The object of the reform in legal pleading effected by the old Code, and continued in existence by the present one, was to require of a party, in a verified pleading, the same degree of veracity which is expected in other transactions in life. There are some exceptions. In certain cases, where the result would be to criminate himself, a party is not required to verify a pleading. But the general rule is that in a verified pleading a party can plead only that which is true in fact, regardless of what he may think or be advised the state of the law requires him to set up to constitute a valid claim or defense. Therefore any allegation made in a verified pleading on a party's own knowledge is presumptively true, and may be taken against him as an admission. But I agree with Judge BRADLEY that when such allegation is only part of a single defense, and is taken therefrom, it operates only as an admission, and is not conclusive against the party making it, but may be rebutted or explained, the same as other admissions.