### SHRADY v. SHRADY et al.

(Supreme Court, Appellate Division, First Department. June 9, 1899.)

1. ADVANCEMENTS—EVIDENCE.

    Evidence of conversations between heirs several years after the death of their father, to the effect that one of the heirs stated that he was willing to pay the estate the amount he had received from his father, if others would do likewise, and that they had agreed to do so, is not sufficient to give the character of advancements to amounts so given.

2. PLEADINGS—ADMISSIONS.

    One desiring to avail himself of admissions or allegations contained in an answer must accept the admissions or allegations as an entirety, and cannot accept such portion of them as may be favorable to him, and reject the remainder; hence an allegation in an answer that certain amounts received from their father by plaintiff and defendants were intended as advancements, to be binding on any of the parties, must bind all, including plaintiff.

Appeal from judgment on report of referee.

Action by George F. Shrady against Jacob Shrady, John Shrady, William Shrady, and Anna Van Kirk. From an interlocutory judgment on report of referee, defendants Jacob Shrady, John Shrady, and William Shrady appeal. Judgment modified and affirmed.

    This action was brought for the partition of certain real estate owned in common by the plaintiff and the defendants, Jacob, John, and William Shrady and Anna B. Van Kirk. The complaint was in the usual form. The defendant Van Kirk admitted the allegations of the complaint, and joined with plaintiff in asking that a sale and partition be had.

The defendants Jacob, John, and William Shrady interposed a joint answer, which, except the formal part of it, was as follows: "(1) Admit all and singular the allegations and statements in said complaint contained; and, further answering, (2) allege, upon information and belief, that during the lifetime of the said John Shrady mentioned in said complaint, and who was the father of the said plaintiff and the defendants, Jacob Shrady, John Shrady, William Shrady, and Anna B. Van Kirk, he, their said father, made certain advances of moneys to the said plaintiff and the said defendants, Jacob Shrady, John Shrady, William Shrady, and Anna B. Van Kirk, as follows: To the said plaintiff, George F. Shrady, the sum of seven thousand dollars on the ———— day of ————, 18—; to the said defendant Jacob Shrady, the sum of thirty-two hundred and fifty dollars on the ———— day of ————, 18—; to the said defendant John Shrady, the sum of twenty-one hundred and twenty-five dollars

on the ——— day of ———, 18—; to the said defendant William Shrady, the sum of five hundred and sixty-two dollars and fifty cents on the ——— day of ———, 18—; to the said defendant Anna B. Van Kirk, the sum of thirty-five hundred dollars on the ——— day of ———, 18—. (3) And the said defendants further allege that the said advances, and each of them, were made by the said John Shrady under the express understanding and agreement that the same should be, and continue to be, part and parcel of the estate of the said John Shrady, and the parties receiving the same should be charged therewith, together with the interest thereon, in any final division or distribution of said estate among the children or heirs at law of said John Shrady, as and by way of equality of partition, division, and enjoyment of his said estate."

To the foregoing answer the plaintiff served a reply, which, except the formal part of it, was as follows: "(1) That with respect to the allegations in the said counterclaim contained, that certain advances of moneys were made by the decedent, John Shrady, during his lifetime, to the said defendants, Jacob Shrady, John Shrady, William Shrady, and Anna B. Van Kirk, this plaintiff admits that advances of moneys were so made to each of said last-named defendants, respectively, by the said decedent, John Shrady; and this plaintiff further admits that the said moneys were so advanced under the express understanding and agreement that the same should be charged against the shares of the said last-named defendants in any distribution in this action, but this plaintiff has no knowledge or information sufficient to form a belief as to the amounts of moneys that have been so advanced to each of said last-named defendants. (2) Each and every other allegation in the said counterclaim contained in said paragraphs 2 and 3 of the said answer this plaintiff denies upon information and belief."

An order was thereafter made sending the matter to a referee to hear and determine, and make a report in the usual manner, with regard to the questions involved in the partition. The referee reported that the sum alleged to have been advanced to the plaintiff was a loan, and to the defendant Van Kirk was a gift, but that the defendants Shrady were liable to, and should be held to, account for the sums advanced to them, respectively, as alleged in their answer, together with interest thereon from the date of their father's death, June 10, 1875. Upon the report an interlocutory judgment was entered, and the defendants Jacob, John, and William have appealed from so much of it as relates to the question of advancements. Other facts appear in the opinion.

Argued before McLAUGHLIN, PATTERSON, O'BRIEN, and IN-GRAHAM, JJ.

Lemuel Skidmore, for appellants.

Barclay E. McCarty, for respondent George F. Shrady.

Louis F. Doyle, for respondent Van Kirk.

McLAUGHLIN, J. There is little or no dispute as to the facts. The only question between the parties is one relating to advancements. Upon the trial before the referee it was made to appear that John Shrady died intestate on the 10th of June, 1875, seised and possessed of nearly all the real estate mentioned and described in the complaint, and leaving him surviving the plaintiff, George F. Shrady, and the defendants, Jacob, John, and William Shrady, and Anna B. Van Kirk, his children and only heirs at law, all of whom were of full age. It was also made to appear that the parties received from their father, between 1858 and the time of his death, certain sums of money mentioned in the answer of the defendants Shrady; but there was no evidence whatever showing, or tending to show, that the deceased intended the same, or any of it, as advancements, or that any of the parties should be held chargeable with the same as such, on the final distribution and division

of his estate.   The only thing to justify even a suspicion, much less a belief, that the parties themselves understood that they were advancements, were interviews had between them many years after their father's death, and then only after a disagreement had arisen as to the management and division of the estate.   Several conversations took place between some or all of the parties in the years 1895 and 1896, and in one of them it appears, according to the testimony of William Shrady, and it is not disputed, that the plaintiff, in the presence of the other heirs at law, said he would "be willing to pay for his $7,000 if Anna would pay hers, and so did the rest," and "they agreed to that."   Other interviews are detailed in the record, but they are substantially of the character of the one just referred to, or to the effect that some of the parties were trying to induce the plaintiff to account for the $7,000 which he had received, and, if he would do that, then they were willing to account for what they had received.   These interviews appear to be the origin of, and are the only basis for, the claim made by the defendants Shrady in their answer that the sums received by the different children from their father were or should be accounted for as advancements.

The conclusion reached by the referee, that the sums received by the defendants Shrady were advancements, and so intended by their father, is wholly unsupported by evidence, and he undoubtedly reached that conclusion solely from the allegations contained in their answer.   But their answer was insufficient for that purpose. These allegations as to the advancements to them could not be regarded as an admission to that effect, unless the entire allegations as to the advancements were accepted.   The general rule is that upon the trial of an action, where the plaintiff desires to avail himself of an admission or allegation contained in an answer, as a pleading, he must accept the admission or allegation as an entirety.   He cannot accept such portion of it as may be favorable to him, and reject the remainder.   Gildersleeve v. Landon, 73 N. Y. 609; Goodyear v. De La Vergne, 10 Hun, 537; Vanderbilt v. Schreyer, 21 Hun, 537; Young v. Katz, 22 App. Div. 546, 48 N. Y. Supp. 187.   Recourse, therefore, to that allegation, to bind any of the heirs at law, would necessitate the same result as to the others. They were all included in the one allegation, and, if binding as to one, it is equally binding as to the others.

There is evidence to sustain the findings of the referee as to the moneys received by the defendant Van Kirk and by the plaintiff, but there is no evidence to sustain the findings as to the moneys received by the defendants Jacob, John, and William Shrady, and therefore the judgment must be modified by striking therefrom the provision of it which determines that the sums received by them were advancements, and for which they should be charged in the final division or distribution of the proceeds of the sale to be made; and as thus modified the judgment must be affirmed, with costs and disbursements of this appeal to the respondent, to be paid out of the proceeds of the sale.   All concur.