cite the many decisions which condemn the sacrifice of the estate for the purpose in question. In Emans v. Hickman, 12 Hun, 425, the testator left his entire estate to his executor in express terms for his funeral expenses and the erection of a monument to his memory. No other disposition was made of the estate by the will. The estate amounted to $1,200, and the general term in this department held that it was not the intention of the deceased to devote his entire estate to the purposes named, but only that reasonable amount which the law sanctions in view of his position in life and the extent of his property, and affirmed a decree fixing the sum of $150 as the limit to be expended for the monument. See, also, Ferrin v. Myrick, 41 N. Y. 315, 318; Owens v. Bloomer, 14 Hun, 296; In re Shipman, 82 Hun, 108, 115, 31 N. Y. Supp. 571; Code Civ. Proc. § 2749.

The executor also sought to prove on the accounting a debt owing to him by the deceased. This he was entitled to do by the terms of section 2731 of the Code of Civil Procedure. The greater part of the debt consisted of a promissory note which he claimed to hold against the testator as maker. The learned surrogate permitted the proof to rest upon a copy of a verified claim made by the executor against the estate, and found in favor of the claim upon the mere proof of its presentation. The note was not produced, the signature of the deceased as maker was not proven, nor was any legal evidence offered in support of the existence or validity of this part of the debt. In Re Humfreville, 6 App. Div. 535, 39 N. Y. Supp. 550, it was held that claims against the estate of a decedent, when presented by an executor or administrator, should not be allowed except upon the clearest legal proof, and where the facts upon which the claim is based are established by very satisfactory evidence. Here there was no legal evidence whatever, the executor's verification being incompetent as evidence under section 829 of the Code of Civil Procedure, if for no other reason.

The decree of the learned surrogate should be reversed in the two respects considered, with costs to be paid by the respondent, and the proceedings remitted to the surrogate for further action. All concur.

(75 App. Div. 351.)

**DE WALTOFF v. THIRD AVE. R. CO.**

(Supreme Court, Appellate Division, Second Department. October 10, 1902.)

1. PLEADING—ANSWER—ADMISSIONS—SPECIAL PLEA.

   Where a defendant makes a general denial, plaintiff cannot take advantage of any admission in a special plea as if it were made generally in the action.

2. SAME—EFFECT OF ADMISSION.

   In an action against a street railroad the complaint alleged an assault by defendant's conductor on plaintiff while a passenger. The answer was a general denial, and, as a special plea, that plaintiff refused to pay his fare, and, on his refusal to leave the car, the conductor gently laid his hands on the plaintiff, and removed him from the car, doing him no unnecessary violence. Plaintiff did not prove any assault. *Held*, that there was no admission in the answer of which plaintiff could take advantage as showing an assault.

Appeal from trial term, Kings county.

Action by Samuel A. De Waltoff against the Third Avenue Railroad Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Theodore H. Lord, for appellant.

Eugene V. Brewster, for respondent.

JENKS, J. We are of opinion that this judgment and order cannot stand. The plaintiff complained that while a passenger on the car of the defendant he was assaulted by a conductor. The defendant answered in general denial, and for a "second, further, and separate defense" alleged that the plaintiff refused to pay his fare; that thereupon the conductor requested him to leave the car, and that upon refusal the said conductor "then and there gently laid his hands upon the plaintiff, and removed him from said car, doing him no unnecessary violence,—as he lawfully might do; that this act is the act complained of in the complaint." The learned court, charging the jury, said:

"Under all those circumstances, taking all that into account, are you satisfied that the plaintiff was assaulted by the conductor, and violently put off the car? I think they admit the assault. Mr. Ridgway (counsel for the defendant): We do not admit it, your honor. The Court: They do not admit that they kicked him, but they do admit an assault at Grand street, and they justify it by saying that he had not paid his fare, and that they put him off. There is not any attempt to show that he had not paid his fare. There is not any attempt to show that he had not a right to ride, and to ride to the end of the road if he wanted to; and yet they admit that they put him off, and that was an assault. * * * Therefore I charge you that the plaintiff had a right to recover at least nominal damages; so that it becomes really a question of how much he is entitled to recover."

At the close of the charge the learned counsel for the defendant excepted to that portion of the charge that the jury must find that there was an assault, and the court answered that the defendant admitted that the conductor put the plaintiff off the car. Thereupon the learned counsel for the defendant excepted, and also took an exception as to a part of the charge bearing upon the testimony of the witnesses for the defendant. After the court had responded, the learned counsel for the defendant then said:

"In that connection I wish your honor to charge the jury that they are the sole judges of the facts in this case, and that, unless they believe that the plaintiff has proven, by truthful testimony entitled to credence, his cause of action, he cannot recover here. The Court: I will not charge that. Mr. Ridgway: I except to the refusal to charge as requested. The Court: I charge that he has a right to recover at least nominal damages, because the defendant admits that they put him off the car, and assigns as a reason that he had not paid his fare, and there is no evidence that he had not paid his fare. Mr. Ridgway: I request your honor to charge the jury that there is no evidence offered on the part of the plaintiff showing that they ejected him from the car at Canal street. The Court: No, but there is practically an admission in the answer that they did put him off the car. The plaintiff alleges that they put him off; alleges that they assaulted him, and kicked him off. practically, and the defendant says, 'No, we did not assault him or

kick him off; but he had not paid his fare, and we gently put him off;' but they admit that they put him off at or near Canal street."

As the defendant made a general denial, the plaintiff was bound to prove his case, and could not depend upon any admission in the special plea as if it were made generally in the action. Railroad Co. v. Kerr, 17 Barb. 581; Young v. Katz, 22 App. Div. 542, 48 N. Y. Supp. 187, per Bradley, J.; Duschnes v. Heyman, 2 App. Div. 354, 37 N. Y. Supp. 841. Moreover, the defense did not admit an assault. It stated affirmatively that the conductor, upon refusal of the plaintiff to pay his fare, put the passenger off the car gently, and without unnecessary violence; setting forth that this was the act of which the plaintiff complained. If a plaintiff would avail himself of an admission in an answer as a pleading, he must accept it entirely. He cannot accept a part and reject a part thereof. Shrady v. Shrady, 42 App. Div. 9, 13, 58 N. Y. Supp. 546; Oakley v. Oakley, 69 Hun, 121, 23 N. Y. Supp. 267; Duschnes v. Heyman, supra; Goodyear v. De La Vergne, 10 Hun, 538; Vanderbilt v. Schreyer, 21 Hun, 537; Albro v. Figuera, 60 N. Y. 630. Unless, then, the mere act of ejection of a passenger upon his refusal to pay fare, and the use only of such force as is necessary for that purpose, is per se an assault, for which the master is liable, there was no admission in the answer as a pleading which warranted the ruling of the learned court. We reverse without any expression of opinion upon the merits of the case.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.