LAWYERS' TITLE INS. & TRUST CO. v. KELLY et al.

(Supreme Court, Appellate Term. January 9, 1912.)

1. INSURANCE (§ 183*)—TITLE INSURANCE—APPLICATION—LIABILITY.

An application for a policy of title insurance to premises described, which stipulates that the applicant agrees to pay therefor $600 "less one-fourth to attorney, exclusive of charges for drawing paper and disbursements for survey and recording, and that, if no survey, policy to be subject to state of facts a survey may show," and that insurer's charges shall be paid, whether the title after examination is accepted or declined, contains an offer to pay $600, less one-fourth to attorney, for a policy, and there can be no recovery under that promise without proof of tender of a policy; and it also contains a promise to pay charges for examination in case the title is declined, but such charges are limited to reasonable compensation for the services performed.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 394; Dec. Dig. § 183.*]

2. PLEADING (§ 127*)—SPECIAL PLEA—ADMISSIONS.

Where part of a special plea is relied on as an admission to prove plaintiff's affirmative case, the admission must be read in connection with the statements contained in the plea limiting the admission.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 264–268; Dec. Dig. § 127.*]

Appeal from City Court of New York, Trial Term.

Action by the Lawyers' Title Insurance & Trust Company against James Allison Kelly and another, doing business under the firm name of Kelly & Hoeninghaus. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Reversed, and new trial ordered.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

James Allison Kelly, for appellants.

George Gardiner Fry, for respondent.

LEHMAN, J. The plaintiff has recovered judgment in an action brought to recover the agreed compensation of $450 and the cost of a survey under an alleged employment by the defendants to examine title to certain real estate.

[1] To show the employment the plaintiff introduced in evidence a paper, signed by the defendants, which bore upon its face the following words:

"Title No. 148,405. Policy No.———. Dated September 10, 1907. Application Register. The undersigned, hereinafter designated as the applicant, hereby applies to Lawyers' Title Insurance & Trust Company for the issue of a policy of title insurance to premises described in the application upon the interest and for the amount specified herein, and agrees personally to pay therefor the sum of $600, less one-fourth to attorney, exclusive of charges for drawing paper and disbursements for survey and recording. If no survey, policy to be subject to state of facts a survey may show. It is agreed that the company's charges are to be paid, whether the title, after examination, is accepted or declined. The title has not been questioned or rejected to the knowledge of the applicant. The company assumes no liability, except to the assured under its policy as issued hereunder."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

132 N.Y.S.—46

The defendants claim that this paper constitutes a contract to pay for a title policy, and not a contract to pay for an examination of title. As a matter of fact the paper itself is not an enforceable contract. The plaintiff does not agree to do anything, and expressly assumes no liability, except under a policy to be issued thereafter. It is a mere offer or application, which ripens into a contract only when the conditions of the offer have been met. The promise to pay the sum of $600, less one-fourth to attorney, is an offer to pay, not for services rendered, but for a policy, and there can be no recovery under this promise without proof of tender of the policy. The paper, however, contains a second promise or offer, viz.:

"It is agreed that the company's charges are to be paid, whether the title, after examination, is accepted or declined."

Apparently the contention of the plaintiff is that this clause binds the defendant to pay the amount agreed upon in any event, whether the title is accepted or declined, provided the examination is made, and that the paper therefore constitutes, not simply an offer to pay for insurance, but really an offer to pay for examination of title. With this contention I do not wholly agree. I believe that the purpose of the offer was to obtain and pay for a policy of insurance. The policy of insurance involves a risk to the insurance company and a protection to the assured. The rate of payment is notoriously fixed largely by the amount of the risk. It seems to me absolutely unreasonable to hold that in spite of this fact it was the intent of the parties that the company should be paid the same amount for services in examining the title without assuming any risk, unless this intent is clearly expressed. We cannot close our eyes to the fact that in a large number of cases the purchaser declines the title merely because the company declines to insure it.

[2] Even in this case the only proof that the title was declined by the purchaser is contained in an admission in a special plea. This admission is coupled with the statement that the title originally failed to pass, partly because the plaintiff was negotiating with the seller to the end that the seller "deposit with the plaintiff securities deemed by it sufficient to protect it in guaranteeing the said title." It is well settled that, where part of a special plea is relied upon as an admission to prove the plaintiff's affirmative case, the admission must be read in connection with the statements contained in the same plea limiting the admission. Young v. Katz, 22 App. Div. 542, 48 N. Y. Supp. 187; De Waltoff v. Third Avenue R. R. Co., 75 App. Div. 351, 78 N. Y. Supp. 132.

It seems to me that the fair construction of the whole paper is that the defendant offered to employ the plaintiff to examine the title and insure the title when it passed; that they agreed to pay a fixed amount for the insurance which was to include the preliminary services in examining the title; and that they further agreed, in case the title is declined with or without fault on their part, to pay the "company's charges" for the preliminary service of examination. The offer to pay the charges for examination has been accepted and its conditions complied with. It would, however, be unreasonable to as-

sume that the company's charges for examination are the amount agreed upon as compensation for the insurance. In the absence of proof as to the amount of these charges, the judgment for the plaintiff cannot be permitted to stand. In addition, it does not appear that the plaintiff has made any disbursements of $50 for survey, and there is no express promise to pay any sum, except the disbursements for the survey. No recovery should under any circumstances have been permitted for this item, under the theory that the paper in evidence entitled the plaintiff to recover the amount named therein, though such a recovery may be permitted upon proof that it was a reasonable charge to be included in the promise to pay the company's charges for examination.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.