(80 Misc. Rep. 179.)

### SHENKEIN v. FUHRMAN.

(City Court of New York, Trial Term. March, 1913.)

1. INFANTS (§ 62*)—TORTS—LIABILITY—SALES.

Where an infant falsely represents that he is a member of a certain firm, and thereby secures goods on credit, he may be held liable for the value of such goods in an action for damages for fraudulent representations.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 168; Dec. Dig § 62.*]

2. INFANTS (§ 98*)—TORTS—BURDEN OF PROOF.

In an action against an infant for damages from false representations by which he obtained goods on credit, the burden was on plaintiff to prove the sale was induced by such representations.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 293; Dec. Dig § 98.*]

Action by Solomon Shenkein against Morris Fuhrman. On motion for judgment on pleadings. Motion denied.

Walter Carroll Lord, for plaintiff.

Marcuson Bros., of New York City, for defendant.

FINELITE, J. This is a motion for judgment upon the pleadings, made by the defendant upon the amended complaint, answer, and plaintiff's demurrer to the separate defenses alleged in said answer. The action is brought to recover the sum of $922.64, for goods purchased by the defendant from the plaintiff's assignor on or about the 12th day of March, 1908, wherein plaintiff's assignor was induced to sell and deliver to the defendant herein, upon credit, goods for the amount aforesaid, in reliance upon the representation made by the defendant that he was a member of the firm of N. Fuhrman & Co.; that the representation made was false and untrue, in that the defendant was not a partner with the said Nathan Fuhrman in said business. The answer alleges that the defendant was an infant of the age of 20 years, which is admitted by the demurrer. The question now arises: Has the plaintiff a cause of action for damages for fraudulent

representations, and were the fraudulent representations material to the issues herein?

[1] Assuming the representations to have been made, if they were not material, the plaintiff cannot sustain a cause of action based upon fraud. Infancy is no defense to an action ex delicto. The principle is well stated in 22 Cyc. 621, as follows:

"The action brought or defense set up against the defendant must sound in tort and not in contract; but if it does not sound in tort it will not be defeated, although the tort complained of was connected with the contract. The true principle appears to be this: That if the injury complained of arises from a breach of contract, although there may have been false representations or concealment respecting the subject-matter, the infant cannot be charged for his breach of promise or contract by a change in the form of the contract, in short, a cause of action in contract cannot be changed to a tort in order to deprive an infant of the benefit of the plea of infancy; but if the injury is not a mere breach of contract, but a distinct, willful, and positive wrong of itself, then, although it may be connected with a contract, the infant is liable."

[2] From the examination of the complaint it is apparent that the gravamen of the action is a false representation inducing a contract not connected with the subject-matter of the contract itself, but anteceding and inducing it. Therefore it is material to the issue, and the burden is upon the plaintiff to prove that the goods were purchased upon the false and fraudulent representation made by the defendant that he was a member of the firm of N. Fuhrman & Co., and if this is a fact and can be proven there is sufficient authority to sustain the contention of the plaintiff upon this motion. Studwell v. Shapter, 54 N. Y. 249. In the case last cited the court points out the distinction beween a contract made by an infant to purchase goods, wares, and merchandise, and one upon false representations, and at page 252 the court therein said:

"Viewing this action as one founded on contract, and not based on fraud in disaffirmance of it, I am of the opinion that the judgment appealed from should be reversed."

But it has long been the rule in courts of equity that an infant will be held liable where he obtains property by false representation respecting his age. "If an infant is old and cunning enough," says Lord Chancellor Cowper, "to contrive and carry out a fraud, he ought to make satisfaction for it (2 Eq. Ca. Ab. 515), and the good sense and justice of requiring him to do so has been held as applicable in a court of law as in a court of equity." As pointed out in Eckstein v. Frank, 1 Daly, 336 (see New York Building Loan Banking Co. v. Fisher, 23 App. Div. 363, 48 N. Y. Supp. 152; Gaunt v. Taylor, 15 N. Y. Supp. 589; [1] Collins v. Gifford, 203 N. Y. 465, 96 N. E. 721, 38 L. R. A. [N. S.] 202, Ann. Cas. 1913A, 969), the motion for judgment upon the pleadings must be denied.

Motion denied.

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 60 Hun, 586.