SAMUEL FALK, an Infant, by HARRY FALK, His Guardian ad Litem, Respondent, *v.* ROY H. MACMASTERS and JAMES A. CORCORAN, Trading under the Firm Name and Style of R. H. MACMASTERS & COMPANY, Appellants.

Second Department, June 10, 1921.

**Pleadings — action by infant to recover money deposited for stock margin — demurrer to answer brought on by motion for judgment on pleadings properly denied if any portion of answer is sufficient — denial of knowledge or information as to plaintiff's infancy sufficient against demurrer — effect of confession and avoidance as to denial — frivolous denial not demurrable — defense that plaintiff falsely represented his age is available — defense that complaint does not state facts sufficient to constitute cause of action cannot be taken by answer.**

A demurrer to an answer and to separate defenses which is brought on by a motion for judgment on the pleadings cannot be sustained if any portion of the answer is sufficient.

In an action by an infant to recover money deposited for stock margin a denial of knowledge or information sufficient to form a belief as to the allegations of plaintiff's infancy and the appointment of his guardian *ad litem* are both sufficient to withstand an attack by demurrer.

The defendant's denial of plaintiff's infancy was not waived by the subsequent defense that the plaintiff falsely misrepresented his age, even if such denial admitted in effect that the plaintiff was not of age.

If a denial is frivolous the proper remedy of the plaintiff is to move to strike it out and not to demur thereto.

In an action by an infant to recover money paid by him to stockbrokers for marginal purposes a defense based on the false and fraudulent representations by the infant that he was more than twenty-one years of age is valid, since an infant is responsible for his torts.

The defense that the complaint does not state facts sufficient to constitute a cause of action cannot be taken by answer.

APPEAL by the defendants, Roy H. MacMasters and another, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 23d day of March, 1921, granting plaintiff's motion for judgment on the pleadings.

*Theodore F. von Dorn*, for the appellants.

*Benjamin Berinstein*, for the respondent.

JAYCOX, J.:

The court at Special Term granted a motion made by the plaintiff for judgment on the pleadings. The pleadings consist of the complaint, an answer and a demurrer to the answer.

The action is brought to recover moneys deposited by the plaintiff with the defendants to margin certain stock transactions conducted by the defendants, as brokers for the plaintiff, upon the ground that at the time of the deposit and of the transactions the plaintiff was and still is an infant.

The answer denies knowledge or information sufficient to form a belief as to the allegations of the plaintiff's infancy and the appointment of his guardian *ad litem*. For a further answer the defendants allege that they were induced to act as brokers for the plaintiff and to accept his deposit and disburse it under his directions by false and fraudulent representations made by the plaintiff that he was more than twenty-one years of age. The answer further alleges as a separate and distinct defense that the complaint does not

state facts sufficient to constitute a cause of action. It also alleges for a second separate and distinct defense and for a setoff and counterclaim that the plaintiff falsely and fraudulently represented himself to be more than twenty-one years of age and deposited various moneys with the defendants as margin to apply to stock purchases made by the defendants under his direction and that, acting under his direction, the defendants expended and paid out $570.89 over and above the amount deposited by the plaintiff with them and prays for judgment for this amount.

The plaintiff demurred to the so-called further answer and to the first separate and distinct defense on the ground that they are insufficient in law on the face thereof. The plaintiff also demurred to the defendants' so-called separate and distinct defense and setoff and counterclaim on the ground that the facts stated are not sufficient to constitute a counterclaim and as insufficient in law on the face thereof. The plaintiff did not bring his demurrer on as a motion and thus test the sufficiency of it as applied to any portion of the defendants' answer. On the contrary, his motion was for judgment and, if any portion of the defendants' answer was sufficient, the motion should have been denied.

The denial of the plaintiff's infancy and of the appointment of a guardian are both sufficient to withstand an attack by demurrer. The Code of Civil Procedure, section 500, expressly authorizes a denial of any knowledge or information sufficient to form a belief as to any material allegation of the complaint. The plaintiff seeks to avoid this provision of the Code of Civil Procedure as to the denial of the plaintiff's infancy upon the ground that the defendants state in their further answer and also in their counterclaim that the plaintiff falsely and fraudulently represented that he was more than twenty-one years of age, the contention of the plaintiff being that this is an admission that the plaintiff was under twenty-one years of age at the time of these transactions. I think the answer cannot be thus construed. My attention has been called to no case holding that where a fact is sufficiently denied in one division of the answer to put the plaintiff to his proof, he can treat the denial as waived or proof dispensed with by reason of even an express admission of the fact

contained in a separate defense introducing an avoidance. In fact, I think the authorities are to the contrary, and the defendants' denial is unaffected by a subsequent admission contained in a defense containing an avoidance. (*Troy & Rutland R. R. Co.* v. *Kerr*, 17 Barb. 581.) It was held in *Goodwin* v. *Wertheimer* (99 N. Y. 149) that a defendant may put his defense upon distinct and even inconsistent grounds.

The plaintiff says that the denial of information sufficient to form a belief as to the appointment of the guardian *ad litem* of the plaintiff is frivolous. In that he may be correct, but the trouble with that assertion at this time is that he did not move to strike out that denial as frivolous. The plaintiff should have moved to strike out the frivolous defense and then the party moved against would have had an opportunity to prove that the defense presumptively frivolous was, in fact, true. The plaintiff has, therefore, mistaken his remedy in demurring to these denials, and the motion for judgment, so far as based upon them, was improperly granted. (*Harley* v. *Plant*, 210 N. Y. 405, 411.)

The plaintiff further claims that the allegations of false and fraudulent representations as to the plaintiff's age constitute no defense to the plaintiff's cause of action. The cases, however, cited by the plaintiff do not sustain this contention. In all of the cases cited by the plaintiff the party alleging the false representation as to age has been seeking to recover from the infant defendant on a contract, and it has been held that if an infant were liable under such conditions the entire defense of infancy would be emasculated. It is also held in these and other cases that infancy cannot be used both as a sword and shield — that an infant is liable for his torts. In this case the defense is based upon a claim that the plaintiff, by his false and fraudulent representations, induced the defendants to accept and disburse his moneys and after his moneys had been disbursed in accordance with his direction, upon a plea of infancy he seeks to recover the sum from the persons whom he deceived. I find nothing in the cases cited to support a claim that such a defense cannot be introduced.

*New York Building Loan Company* v. *Fisher* (23 App. Div. 363) was an action to foreclose a mortgage made by an infant.

The action being to enforce a contract by the infant, the
infant's false representations as to age were held to give no
validity to the contract. *Studwell* v. *Shapter* (54 N. Y. 249)
and *International Text Book Co.* v. *Connelly* (206 id. 188) are
also actions brought upon a contract against an infant defend-
ant wherein it is alleged that the defendant made false repre-
sentations as to his age to induce the plaintiff to enter into
the contract. *Mordecai* v. *Pearl* (63 Hun, 553) holds that an
infant who deposited money with stockbrokers as a margin,
upon the credit of which he engaged in stock speculations
which resulted in a loss, may recover his deposit in full. There
is, however, in this case no claim of any false representations
by the plaintiff. In *Heath* v. *Mahoney* (7 Hun, 100) the
plaintiff's stockbrokers sought to recover damages which they
claimed to have suffered by reason of false and fraudulent
representations made by the infant defendant. The infant
defendant deposited with them $500 in cash and two United
States bonds of $500 each. The defendant's representations
consisted of stating that the defendant was the owner of these
bonds, although registered in the name of his mother, who
subsequently reclaimed them. The trial court permitted the
plaintiffs to recover the total amount of their losses by reason
of the transactions had with the defendant. Upon appeal
the court held that the only damages the plaintiffs were
entitled to recover was the amount suffered by reason of the
false representations made by the defendant as to the owner-
ship of the two United States bonds. The judgment of the
court below was, therefore, reversed and a new trial ordered.
This seems to be a distinct holding that an infant is liable
for losses arising by reason of his false representations. A
number of other cases may be cited holding practically the
same thing. (*Shenkein* v. *Fuhrman*, 80 Misc. Rep. 179;
*Lown* v. *Spoon*, 158 App. Div. 900; *Gaunt* v. *Taylor*, 15 N. Y.
Supp. 589; *Bergman* v. *Neidhardt*, 37 Misc. Rep. 804; *Hewitt*
v. *Warren*, 10 Hun, 560.) In the last case cited it is said: " If
a party has been induced to purchase property from an infant,
by the infant's fraud and misrepresentation, it would seem that
he might, on discovering the fraud, disaffirm the contract,
return, or offer to return the property, and thus put the infant
in the position of a mere wrong-doer, unjustly keeping what he

had fraudulently obtained. And it would seem that the infant would then be liable in damages for tort." In this case there is nothing to return. The plaintiff seeks to recover upon a contract which the defendants say was procured by fraud and misrepresentation. There is no reason either in law or good conscience why this defense should not be interposed and, if established, why it should not prevent the plaintiff's recovery.

The defense that the complaint does not state facts sufficient to constitute a cause of action cannot be taken by answer. If the complaint is deficient in its allegations, that defect appears on the face of the complaint and should be taken by demurrer. (See Code Civ. Proc. §§ 488, 498, 499.) This, however, did not benefit the plaintiff upon this motion, as the answer raised issues necessitating the trial. The plaintiff's motion, therefore, should have been denied.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion for judgment denied, with ten dollars costs.

BLACKMAR, P. J., MILLS, RICH and PUTNAM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion for judgment denied, with ten dollars costs.