NATHAN CHASSER, by His Guardian ad Litem, ABRAHAM CHASSER, Plaintiff, *v.* JAMES HUTTON and Another, Copartners, etc., Defendants.

City Court of New York, New York County, January 16, 1931.

*Milton G. Inkeles,* for the plaintiff.

*Woodruff & Grill,* for the defendants.

RYAN, J. Motion to strike out the first separate and distinct defense in defendants' answer on the ground that the same is insufficient in law. The action is brought to recover moneys received by the defendants from the plaintiff for the purpose of protecting themselves against loss in dealing in stocks with the

plaintiff. Plaintiff is an infant. The defendants are stockbrokers. The answer denies on information and belief the infancy of the plaintiff, denies any knowledge or information sufficient to form a belief as to the allegation in the complaint of the appointment of a guardian *ad litem* of the infant plaintiff, and makes a general denial of all the other allegations of the complaint. For a separate and distinct defense the defendants allege that plaintiff in order to induce the defendants to act as brokers and open an account for him and to extend credit to him in making purchases and sales of stocks for his account and risk, falsely and fraudulently represented and warranted to the defendants that he was over the age of twenty-one years; that they, being ignorant of the falsity thereof, and believing the same to be true and relying thereon, were induced to and did act as plaintiff's brokers in the purchase and sale of various stocks. They further allege that said representations and warranties were false and untrue and were made with the intention of deceiving and defrauding defendants solely for the purpose of inducing the defendants to believe that the plaintiff had legal capacity to enter into said agreement for the purchase and sale of stocks on margin, and that the only income or benefit received by the defendants for the services rendered to the plaintiff were the usual and customary brokerage charges. On this motion plaintiff urges that the allegations set forth in said separate defense are insufficient in law. While the complaint here shows that the infant proceeds *ex contractu*, the answer set up a separate and distinct defense in tort. In this case the separate defense is based upon the claim that the plaintiff by his false and fraudulent representations deceived the defendants and induced them to carry on at his request speculative stock transactions, and he now seeks to recover from the persons he deceived sums aggregating $2,990.62 upon the plea of infancy. I have examined the authorities cited in plaintiff's brief and find none of them to sustain plaintiff's contention that the defense set up here may not be interposed in an action *ex contractu*. To analyze all of them would extend this opinion beyond all reasonable lengths. In the *Connelly* case (*International Text Book Co.* v. *Connelly*, 206 N. Y. 188), cited by counsel as the leading case, Judge VANN in his opinion distinctly pointed out that there was no suggestion of false representation or fraud alleged in the complaint. It is not open to question that an infant is liable in tort on the ground of fraud, deceit and false representations, and to say that such a defense cannot be set up against the claim of an infant would be to a certain extent denying defendants their rights to their day in court to offer evidence in support of the alleged tortious acts of the infant. Counsel for plaintiff says that to so hold would denude

the infant of any protection which the law gives him and would defeat the very purpose of the infancy laws. With this proposition I do not agree. For in this case the defendants set forth that the infant plaintiff by his false and fraudulent representations induced them to receive the money and to carry on his stock transactions under his direction. From a careful reading of the complaint in this action and taking the pleading at its face value, I think it might be taken as a fair assumption that the infant in this case apparently possessed that degree of knowledge sufficient to appreciate and understand the contractual obligations existing between himself and the defendants in the precarious business of dealing in stocks and securities on margin. In his complaint he alleges defendants were to fill orders given by him for the purchase and sale of stocks for his account and risk; that he deposited margin with the defendants for his account; that he should pay the usual brokerage charges, and now that those dealings have resulted adversely to him he seeks to recover the sum above mentioned. Williston in his work on Contracts considers the subject under discussion in volume 1, section 245, page 481, and says: " It is conceded in all the cases that an infant is as a rule liable for his torts and there is no valid reason why he should not be liable for false and fraudulent representations as fully as for other torts, nor if he is in general liable for his deceits is there any reason to distinguish the case where the injurious consequence of the deceit is entering into an unenforcible contract from cases where the injurious consequences are of a different nature." I see no reason why defendants' separate defense should not be allowed to stand and be disposed of on a trial. (*Falk* v. *MacMasters*, 197 App. Div. 357.)

Motion denied, with ten dollars costs. Order signed.