(March 15, 1944.)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROCCO TAURISANO, Appellant. — Judgment of conviction reversed on the law and a new trial granted. We have examined the facts and find no error in respect thereto. Memorandum: The record indicates that the learned Trial Justice endeavored to accord to the defendant a fair, impartial and legal trial. However, the cross-examination of the witness Joseph was improperly limited, and certain evidence on behalf of the People was erroneously admitted. 1. The refusal to permit cross-examination of the witness Joseph as to prior inconsistent statements made by him unless such prior statements were "sworn statements or writing," was error (see *Hanlon* v. *Ehrich*, 178 N. Y. 474, 479, 480). The offer several days after the witness had left the witness stand to allow such cross-examination did not cure the error. (*People* v. *Becker*, 210 N. Y. 274, 305, 306.) 2. The reception in evidence and the reading to the jury from the statement alleged to have been made to the police by Philip Taurisano was error, and highly prejudicial to the defendant. This witness had not testified to anything justifying his impeachment and the admission of the statement was inconsistent with the constitutional privilege exercised by the witness with the permission of the court. 3. The refusal to allow defendant's counsel to withdraw from the evidence that part of Exhibit 38 which recited the previous criminal history of the defendant and which had not then been read to or by the jury was error. The defendant was not a witness in his own behalf and it was prejudicial to allow his previous criminal record to be placed before the jury. 4. The charge of the court to the effect that in order to avail himself of the defense of self-defense or defective mental condition defendant must admit that he shot the bullet that killed Philip Alam, and also the refusal to charge as requested in this connection constituted error. Under defendant's plea of not guilty the People had the burden of proving beyond a reasonable doubt that the defendant fired the shot that killed Alam. The defendant's plea of not guilty was unaffected by his special defenses. (See *Troy and Rutland Railroad Company* v. *Kerr*, 17 Barb. 581, 599; *Falk* v. *MacMasters*, 197 App. Div. 357, 359, 360; *DeWaltoff* v. *Third Avenue R. R. Co.*, 75 App. Div. 351; *Roe* v. *State*, 17 Okla. Cr. 587.) We think there was no reversible error in the rulings relating to the hypothetical question. (*The People* v. *Augsbury*, 97 N. Y. 501, 506; *People* v. *Barber*, 115 N. Y. 475, 492; *People* v. *McElvaine*, 121 N. Y. 250, 256, 257.) We have examined the facts and find no error in respect thereto. We are of the opinion, however, that the cumulative effect of the errors above pointed out was seriously to prejudice the defendant's rights and that the judgment of conviction should therefore be reversed and a new trial ordered. All concur (Harris, J., in result only), except Taylor and Larkin, JJ., who dissent and vote for affirmance pursuant to section 542 of the Code of Criminal Procedure. (The judgment convicts defendant of the crime of murder, second degree.) Present — Taylor, Dowling, Harris, McCurn and Larkin, JJ.