SAMUEL WECHSLER, Plaintiff, v. ALGONQUIN REALTY CORPORA-TION, Defendant.

Supreme Court, Special Term, New York County, October 7, 1949.

*Barnet L. Arlan* for plaintiff.

*Edward Ross Aranow* and *Herbert J. Brown* for defendant.

RABIN, J. This is a motion by plaintiff, pursuant to rule 112 of the Rules of Civil Practice, for judgment on the pleadings in his favor for the relief demanded in the complaint. It is unnecessary to consider the sufficiency of the various affirmative defenses and of the counterclaim contained in the answer, since that pleading denies most of the material allegations of the complaint.

The admitted allegations of the complaint establish only that plaintiff is a resident of this State; that defendant is a domestic corporation; that defendant is the owner of the building at 201 West 54th Street, part of which is occupied as a multiple dwelling; that plaintiff communicated with defendant

with respect to the renting of an office in space which was not occupied at the time and which had theretofore been used for dwelling purposes exclusively; and that the parties negotiated for a lease for professional purposes for a term of three years from February 1, 1947, at an annual rental of $2,400 per annum, provided the same did not exceed the rental lawfully payable, the tenant to deposit $200 as security and to do all the decorating, painting, etc., at his own cost and expense; and that no reasonable rent has been fixed by the court and no emergency rent was in existence at the time of the negotiations, the premises not having been occupied on the freeze date as business space. It is to be noted that there is no admission that there was any arbitration between the parties and that there is likewise no admission that the parties entered into an agreement similar to that in *Matter of Heidelberger (Cooper)* (275 App. Div. 158) that there was to be no landlord and tenant relationship between the parties until and unless the award of the arbitrator was confirmed by the court. The admitted allegations of the complaint are consistent with the possibility that the parties had entered into a binding agreement for a landlord and tenant relationship. The holding in *Matter of Heidelberger (Cooper)* (*supra*) was based upon the fact that the parties in that case were not already landlord and tenant, and were not under a binding contract to enter into that relationship.

Since the admitted allegations of the present complaint fail to establish plaintiff's right to the judgment demanded, it is obvious that his motion for judgment on the pleadings in his favor must be denied. In *Falk v. MacMasters* (197 App. Div. 357) the court held that admissions in defenses which were inconsistent with denials of allegations of the complaint could not be availed of by plaintiff on a motion by the latter for judgment on the pleadings. Mr. Justice JAYCOX, writing for the court, said (pp. 359–360):

"My attention has been called to no case holding that where a fact is sufficiently denied in one division of the answer to put the plaintiff to his proof, he can treat the denial as waived or proof dispensed with by reason of even an express admission of the fact contained in a separate defense introducing an avoidance. In fact, I think the authorities are to the contrary, and the defendants' denial is unaffected by a subsequent admission contained in a defense containing an avoidance. (*Troy & Rutland R. R. Co v. Kerr*, 17 Barb. 581.) It was held in *Goodwin v. Wertheimer* (99 N. Y. 149) that a defendant may put his defense upon distinct and even inconsistent grounds.

"The plaintiff says that the denial of information sufficient to form a belief as to the appointment of the guardian *ad litem* of the plaintiff is frivolous. In that he may be correct, but the trouble with that assertion at this time is that he did not move to strike out that denial as frivolous. The plaintiff should have moved to strike out the frivolous defense and then the party moved against would have had an opportunity to prove that the defense presumptively frivolous was, in fact, true. The plaintiff has, therefore, mistaken his remedy in demurring to these denials, and the motion for judgment, so far as based upon them, was improperly granted. (*Harley* v. *Plant,* 210 N. Y. 405, 411.)"

In *Young* v. *Katz* (22 App. Div. 542) the court said (p. 546): "When, as in the present case, the defendant puts in issue the allegations of the complaint by a general denial, and alleges special matter of defense, the confessing allegations contained in it cannot, as matter of pleading, be taken as an admission in support of plaintiffs' alleged cause of action."

As no motion to dismiss any defenses or the counterclaim has been made, their sufficiency may not be considered. Motion denied.