SPENCER WATERS, Respondent, *v.* MARGARET A. HALL, Formerly
MARGARET A. HUNTINGTON, Appellant, Impleaded with CLINTON
MUDGE HALL, Defendant.

First Department, November 5, 1926.

Trusts — resulting trusts — action to compel defendant to account for
  proceeds of certain real property purchased in her name with plaintiff's
  money — money advanced by plaintiff did not represent money belong-
  ing to defendant — Statute of Frauds — agreement partially performed
  — Real Property Law, § 94, not defense — defendant obtained property
  under agreement that it should be used for theatre — use for that
  purpose became impossible due to Building Zone Resolution — defend-
  ant must account — decree should have been interlocutory in form,
  since action was tried on question of liability to account — error to
  charge defendant with expenses of sale of property since plaintiff
  consented to sale and substitution of fund for property.

In an action to compel the defendant to account for real property, title to which
  was taken in her name but which was paid for by money alleged to have been
  advanced by the plaintiff, brought on the theory that defendant held the
  property as trustee for the plaintiff, the evidence supports the finding of the
  court that the money advanced by the plaintiff belonged to him and did not
  represent profits from speculations in stocks and cotton which the defendant
  claimed the plaintiff had conducted in her behalf.
The defense of the Statute of Frauds is not sustained for the reason that the
  property was acquired pursuant to an agreement between the parties that it
  should be used for the purpose of a theatre, which agreement was partially
  performed.
Section 94 of the Real Property Law, which abolishes a resulting trust that would
  otherwise arise from the fact, standing alone, of the payment of the consideration,
  does not bar this action, for that section does not apply where there are equities
  existing between the parties that would render unconscionable a retention as
  beneficial owner of the property by the one in whose name title was taken;
  under such circumstances the court will not permit the statute to be used as a
  means of perpetrating a fraud.
In the present case there was more than the bare fact of payment of consideration,
  for it appears that the title to the property was taken in the name of the
  defendant pursuant to an agreement between the parties that the property
  should be used for the erection and operation of a theatre and that this plan
  was not followed for the reason that under the Building Zone Resolution the
  site could not be used for that purpose.
The decree, however, should have been interlocutory in form directing the
  defendant to render an account, since the action was tried upon the sole issue
  whether or not the defendant was liable to account to the plaintiff, and the
  evidence as to the financial dealings between the parties is too incomplete to
  justify a final judgment.
The defendant cannot be charged with the expenses incidental to the sale of the
  property by her, for after the contract of sale was made, the plaintiff and the
  defendant agreed that the sale should be completed and the fund received from

the sale of the property substituted in place of the property and held pending the determination of this action. Therefore, the plaintiff ratified the sale and the expenses thereof should be charged against the property.

APPEAL by the defendant, Margaret A. Hall, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 26th day of March, 1925, upon the decision of the court rendered after a trial at the New York Special Term determining the issues in favor of the plaintiff and requiring the defendant to account for the proceeds of certain real property purchased in her name with moneys of the plaintiff; also taking and stating said account.

*Alfred H. Townley* of counsel [*Henry Siegrist* with him on the brief; *Smith, Townley & Chambers*, attorneys], for the appellant.

*James S. Darcy* of counsel [*Charles H. Bailey* with him on the brief; *Darcy, Loughman & Bailey*, attorneys], for the respondent.

FINCH, J. In brief it appears that upon the defendant's representation that a certain parcel of property could be purchased to advantage for the purpose of erecting a theatre thereon, the plaintiff agreed with the defendant to purchase said property and to take title in the name of the defendant for the benefit of the plaintiff. Pursuant to this agreement, the plaintiff paid to the defendant moneys with which to purchase said property and also subsequently paid to the defendant moneys with which to pay taxes, interest and carrying charges on said property and for improving the same. Subsequent to the purchase of the property, the defendant, claiming to be the owner thereof, contracted to sell the same with the intention of retaining the proceeds thereof as her own. The plaintiff brought this action, asking that the defendant be enjoined from conveying the property, for the appointment of a receiver, for an adjudication that the plaintiff was the owner of the said real property and that the defendant held the same as trustee for the plaintiff. The answer consisted of a general denial and set up the Statute of Frauds as a defense. (See Real Prop. Law, § 242.)

The plaintiff and defendant subsequently executed an escrow agreement in order that the sale of the premises, for which a contract had been made by the defendant, might be consummated, and pursuant to said agreement the proceeds of the sale were substituted in place of the property and held pending the determination of this action.

The main issue tried in the cause was whether the moneys delivered by the plaintiff to the defendant were moneys of the plaintiff, or, as claimed by the defendant, were moneys belonging to the defendant representing profits from speculations in stocks

and cotton which the defendant claimed the plaintiff had conducted in her behalf. Upon this issue of fact no reason is found for disturbing the conclusions of the justice at Special Term. The defense of the Statute of Frauds also was not sustained for the reason that the property was acquired pursuant to an agreement between the parties which was partially performed and thus was taken out of the Statute of Frauds. (*Canda* v. *Totten,* 157 N. Y. 281.) Moreover, it is settled that the Statute of Frauds can never be used as a defense against fraud in the acquisition and retention of real property. (*Canda* v. *Totten, supra; Gallagher* v. *Gallagher,* 135 App. Div. 457.) In *Gallagher* v. *Gallagher* (*supra*) this court, by the present presiding justice, quoting and adopting the language of the Court of Appeals in *Wheeler* v. *Reynolds* (66 N. Y. 227), said: " This is not a case covered by the Statute of Frauds, but is one of those cases where equity interposes to prevent the perpetration of a fraud or the abuse of confidence. * * * It is not the parol agreement which lies at the foundation of the jurisdiction in such a case, but the fraud. So in reference to parol trusts in lands. They are invalid in equity as well as in law. But in cases of fraud, courts of equity will sometimes imply a trust and will treat the perpetrator of the fraud as a trustee *ex maleficio,* for the purpose of administering a remedy against the fraud. For the same purpose it will take the trust which the parties have attempted to create and enforce it; and in such a case the fraud, not the parol agreement, gives the jurisdiction." Nor is section 94 of the Real Property Law a bar to this action. This section does no more than abolish a resulting trust which would otherwise arise from the fact, standing alone, of the payment of the consideration. Where, however, there are equities existing between the parties that would render unconscionable a retention as beneficial owner of the property by the one in whose name title was taken, the court will not permit the statute to be used as a means of perpetrating a fraud any more than the court will permit the Statute of Frauds so to be used. As was said by ALLEN, J., in *Carr* v. *Carr* (52 N. Y. 251, 260): " It is only the common-law trust for the benefit of an individual from whom the consideration for a grant issues, and resulting from the fact of payment of the consideration, and having no other foundation, that the statute abolishes. It bars no other equity, and precludes no one from asserting title against one who has thus taken a conveyance for a lawful and specific purpose, and attempts to retain the property in violation of the arrangement and agreement under which he has acquired the formal title, in fraud of the real owner and against equity and good conscience. This statute can no more be used to perpetrate a fraud or defeat actual equities

than can the Statute of Frauds. They both stand in this respect upon the same footing."

In the case at bar there was more than the bare fact of payment of the consideration. It appears that title to the real property in question was taken in the name of the defendant pursuant to an agreement between the parties that the said property should be used for the erection and operation of a theatre. This plan fell through because, under the provisions of the Building Zone Resolution, the site could not be used for a theatre. The defendant thus obtained title for a lawful purpose under an agreement which was partially performed, but could not be completely performed for the reason stated. The court will not permit the defendant fraudulently to take advantage of a situation which was not contemplated by the parties when the agreement to purchase the property was entered into.

This court, however, is of the opinion that the decree should have been interlocutory in form, since it does not appear that the parties to the action understood that an account was to be taken during the course of the trial. The action was tried upon the issue whether the defendant was liable to account. While evidence was received incidental to this question which established clearly the receipt by the defendant of certain moneys in connection with the property which is the subject of the action for which the defendant should account, there are other items concerning which such proof is lacking, namely, two items of $5,000 each. In regard to one of these items, the only testimony in the case which throws any light upon this transaction is the testimony of the plaintiff's brother to the effect that he received the money from the plaintiff with instructions to pay same to the defendant and that he did so, the defendant stating, when she received the money, as follows: " She told me that she was going to give this money, either all or part, she didn't say, to her brother or to somebody else in the Greenwich Village Inn to pay off either a loan or a part of the business which my brother was to be the owner of, temporarily or permanently, I don't know, she simply told me she wasn't sure if it was the right thing to do or not, whether to advance this money to the owners of the Greenwich Village Inn. There was no discussion, because I did not know anything about the proposition. She simply told me that is where the money is going." This testimony does not indicate that the $5,000 received had any connection with the property in suit, nor is it sufficient to show that there was any obligation to return the same. The finding, therefore, that the defendant was obligated to account for this sum in this action cannot be sustained. The second item of $5,000 appears, from the

testimony of the plaintiff, to have been the unpaid balance of a loan of $15,000 made by the plaintiff to the defendant. No testimony appears in the record that this amount was advanced in connection with the property in suit. The plaintiff simply testified that he loaned the defendant $15,000 and that the defendant had repaid the sum of $10,000. Under such circumstances the plaintiff has an adequate remedy at law for the recovery of the balance of the loan, and the defendant is not liable to account for the same in this action.

There also would seem to have been error, in so far as this record shows, in charging the appellant with the sum of $4,960, consisting of broker's commissions and other expenses incurred by the defendant in effecting a sale of the real property in question. This item the Special Term disallowed, upon the ground that the defendant had no authority to incur the charges, holding that such charges were incurred through a breach of the defendant's duty as trustee in fraudulently contracting to sell the property as though it belonged to her in her own right. The plaintiff, however, has ratified the sale and, as noted, the proceeds of the sale have been deposited pursuant to stipulation to await the outcome of this action. Since the plaintiff has adopted the sale and agreed to accept the proceeds derived therefrom, the expenses incidental to such sale would seem to be properly chargeable against the property. The defendant, appellant, also claims that there are certain other items which should be allowed her upon an accounting as expenses incurred in connection with the purchase, possession and sale of the property in suit, namely, $275 paid on account of a bill for attorneys' services in examining the title to the property in connection with an application for a loan on the property. Also an item in obtaining a transfer of an outstanding interest in a portion of the property, being a defect in the Kidd title, and also for the reasonable value of the services of the attorney in reference to clearing the title of the defect of lack of contiguity, and other expenses and disbursements. There is no way from this record to determine with certainty these amounts or whether they should be allowed to the defendant so as to furnish a basis for doing away with the necessity of taking the account.

The plaintiff, on his part, contends that for the purpose of sustaining this judgment he has waived a claim for rents received from the property in suit and also for profits and interest on his money. If the parties are not able to agree concerning these disputed items, they are entitled to have their day in court in connection with the taking and stating of the account.

The judgment appealed from should, therefore, be modified so

as to provide that it be interlocutory in form and direct an accounting, and as so modified affirmed; and the findings of fact and conclusions of law inconsistent . with the above opinion should be reversed.

Clarke, P. J., Merrell, Martin and, Burr, JJ., concur.

Judgment modified so as to provide that it be interlocutory in form and direct an accounting, and as so modified affirmed, and the findings of fact and conclusions of law inconsistent with opinion reversed.   Settle order on notice.