RUDOLPH L. ZELZER and Another, Plaintiffs, v. YORKVILLE PARK Co., INC., Defendant.

Supreme Court, Sullivan County, August 26, 1931.

*John D. Lyons,* for the plaintiffs.

*Milton R. Weston,* for the defendant.

McNAMEE, J. This is an action for specific performance, to compel the defendant to convey to plaintiffs a parcel of real estate owned by the defendant and situate in Sullivan county, and which constituted all of the lands then owned by the defendant. The complaint alleges that " in the early part of the year 1925 " the defendant was indebted to the plaintiff Zelzer in the sum of $3,500, and to the plaintiff Beisler in the sum of $1,500, on account of money loaned to the defendant by the plaintiffs. That " in or about the year 1925 " an oral contract was entered into by these parties according to which the defendant agreed to convey to the plaintiffs and the plaintiffs agreed to accept a deed of conveyance of the real property mentioned, in payment and satisfaction of said loans. It further appears in the complaint that the board of directors of the defendant adopted a resolution providing for such conveyance. Plaintiffs allege further, as their basis of this action, that there was a part performance of this oral contract to convey " in that the defendant corporation executed and delivered to these plaintiffs deeds " of two lots on the north side of the Roosa Gap road on July 6, 1925. The land in question is located on the southerly side of said road, and has never been conveyed by the defendant; and the complaint states that this land was not conveyed simultaneously with property deeded, because it had not been surveyed, and accordingly could not be then suitably described in a conveyance; but that according to the contract it was to be conveyed as soon as it was surveyed. The complaint alleges that the consideration consisted of the mutual promises of the parties; that a demand was made on the defendant for a conveyance of the land, and this was refused.

It does not appear from the complaint that there were any other transactions or communications between the plaintiffs and the defendant after July 6, 1925, up to the commencement of the action.

There is no charge in the complaint that plaintiffs satisfied or discharged said indebtedness, parted with any evidence thereof, or relinquished their claims against the defendant; or that plaintiffs were the victims of any deceit or fraud, or suffered damage, because of defendant's failure to convey.

The defendant urges on this motion that the contract pleaded, on the face of the complaint is void under the Statute of Frauds, that a partial performance is not shown, and that, independent of the statute, this action in equity may not be maintained because of the laches of the plaintiffs.

It is, of course, evident that this contract to convey land is void (Real Prop. Law, § 259), unless there has been such a part performance thereof as to remove it from the operations of the statute. (Id. § 270.) This defense, however, must be raised by answer, except in those cases where the defect is clearly apparent on the face of the complaint, when under the older practice it was met by demurrer, and now is met by motion. (*Crane* v. *Powell*, 139 N. Y. 379, 389; *Messiah, etc.*, v. *Rogers*, 161 App. Div. 366; *Lasher* v. *McDermott*, 173 id. 79, 82.)

The plaintiffs are invoking the equity powers of the court and are claiming a part performance of the oral contract within the meaning of section 270 of the Real Property Law. But the court finds no allegation of the complaint from which an inference could be drawn that would justify the intervention of a court of equity. As has been said repeatedly in the authorities, not every act that might be denominated in common parlance a part performance, is such a part performance as will take the case out of the statute. Payment alone, even though in full, is not such an act. (*Cooley* v. *Lobdell*, 153 N. Y. 596, 601; *Milholland* v. *Payne*, 169 App. Div. 712, 714.) In such a case the vendee has his action at law to recover the purchase price, or such part as he has paid, when the vendor refuses to convey; and thereby the complaining party can be restored to the condition he enjoyed before making the contract The acts and facts that will justify an exercise of the equitable powers of the court are those which constitute fraud, or are the equivalent of fraud, and where the victim cannot be fully compensated in money, or otherwise restored to his former condition. Thus where one buys land and pays for it, makes improvements that are substantial and permanent, and that are induced by the contract; where land is purchased pursuant to a contract, with the money of one but in the name of another; where a confidential relation exists, and the confidence has been abused; where there was, at the time of making the contract, a preconceived intent to violate it; these and similar acts are such as will induce a court of equity to intervene. In fact, fraud in any form, whether actual or constructive, or the equivalent, which brings injury to the victim and which is not remediable at law, may result in such a part performance as will induce a court of equity to protect the innocent party. It is the fraud, or its equivalent, that gives rise to equity jurisdiction, and not the oral contract which is void under the statute. (*Wheeler* v. *Reynolds*, 66 N. Y. 227; *Cooley* v. *Lobdell, supra; Waters* v. *Hall*, 218 App. Div. 149, 152; *Burns* v. *McCormick*, 233 N. Y. 230; *Neverman* v. *Neverman*, 254 id. 496.)

The part performance alleged and upon which plaintiffs rely, is

the conveyance by the defendant of the two parcels above mentioned pursuant to the alleged oral agreement. If this could be regarded in any circumstances as a part performance, there is nothing in the complaint from which an inference can be drawn, or which in any way indicates, that the deeds delivered were a part of the oral contract set up, except the contract itself which is void. No course of conduct or act by the plaintiffs with reference to the contract is alleged. The plaintiffs did not have or seek possession, or perform any acts from which it could be reasonably inferred that they had any interest in the land present or prospective; and it is the acts of the parties from which the existence of the contract must be deduced. As has been said, " Acts, and not words, shall supply the framework of the promise." (*Burns* v. *McCormick*, *supra*, 234.) And again those conveyances are explainable in a variety of ways apart from the contract. The conveyances are not " unequivocally and solely referable " to the alleged oral contract. It has been said by the Court of Appeals that " an act which admits of explanation without reference to the alleged oral contract or a contract of the same general nature and purpose is not, in general, admitted to constitute a part performance." (*Woolley* v. *Stewart*, 222 N. Y. 347, 351; *Burns* v. *McCormick*, *supra*, 232; *Neverman* v. *Neverman*, *supra*, 500.) Within the adjudications it is clear that the complaint does not allege a part performance of the oral contract, and accordingly the contract is not enforcible for that reason.

This action was commenced more than six years after the making of the alleged contract, and after plaintiffs received the deeds that were delivered, with nothing to prevent or delay a carrying out of the contract, or an attempt to enforce it, except the making of a survey and a description of the twenty-three acres in question. The defense of laches is asserted against the plaintiffs, and must be considered apart from the defense of the Statute of Frauds. In these circumstances a court of equity is not free to hold that the plaintiffs have not been guilty of laches, and accordingly this action cannot be maintained. (*Groesbeck* v. *Morgan*, 206 N. Y. 385.)

The complaint must be dismissed, with costs, and ten dollars costs of this motion, awarded to the defendant.