ADELAIDE WALL, Appellant, *v.* INTERNATIONAL RAILWAY COMPANY, Respondent.

**Street railways — negligence — contributory negligence — when passenger, who alighted from trolley car, passed around rear of car and was injured by another car approaching on the other track not guilty of contributory negligence as matter of law.**

Plaintiff, on alighting from a north-bound trolley car of defendant at a street crossing, passed around the rear of the car from which she alighted with the intention of crossing the south-bound track to the side of the street. She listened and looked for the approach of a car on the south-bound track as soon as that track was in her line of vision, but a south-bound car approaching rapidly without any signal was almost upon her and struck her while she was still in the narrow space between the two tracks. *Held,* that it was error for the trial court to dismiss her complaint in an action for damages upon the ground that she was guilty of contributory negligence as matter of law, where under the circumstances the jury would have had a right to find that the plaintiff had exercised as great caution as was possible, and that she was not guilty of contributory negligence. In the absence of evidence that plaintiff knew that, at the point of the accident, defendant's south-bound cars were accustomed to pass at a rapid rate of speed and without giving any signal of approach, it cannot be said that she was guilty of negligence if she attempted to cross the track without being able to see far enough to avoid a car traveling under such circumstances. She was not bound, under the circumstances, to anticipate such a movement of defendant's cars, which was in violation of a city ordinance. Upon the entire situation as presented by the evidence, it was for the jury to say whether or not plaintiff was careless to a degree which prohibits her recovery. (*Reed* v. *Metropolitan Street Railway Company,* 180 N. Y. 315, 317; *Schasel* v. *International Railway Company,* 185 App. Div. 194; affd., 230 N. Y. 538, distinguished; *Pelletreau* v. *Metropolitan Street Railway Company,* 74 App. Div. 192; affd., 174 N. Y. 503; *Provoost* v. *International Railway Company,* 151 App. Div. 240; affd., 208 N. Y. 611, followed.)

*Wall* v. *International Ry. Co.,* 195 App. Div. 685, reversed.

(Argued March 23, 1922; decided April 25, 1922.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered April 23, 1921, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

*Charles W. Strong* for appellant. The plaintiff's testimony established a complete cause of action — both the defendant's negligence and the plaintiff's freedom therefrom; at least the jury might have so found, and the nonsuit and judgment of affirmance are clearly erroneous. (*Provoost* v. *International Ry. Co.,* 151 App. Div. 240; 208 N. Y. 611; *Simons* v. *International Ry. Co.,* 152 App. Div. 953; 209 N. Y. 548; *Knapp* v. *Barrett,* 216 N. Y. 226; *Pelletreau* v. *Metropolitan St. Ry. Co.,* 74 App. Div. 192; 174 N. Y. 503; *Dobert* v. *Troy Ry. Co.,* 91 Hun, 28; *Beers* v. *Met. Street R. R. Co.,* 104 App. Div. 96; *Ring* v. *Nassau El. R. R. Co.,* 115 App. Div. 674; Thomp. Comm. on Law of Negligence, § 3527; *Schwarzbaum* v. *Third Ave. R. R. Co.,* 62 App. Div. 373; *Sesselmann* v. *Met. St. R. R. Co.,* 65 App. Div. 484; 76 App. Div. 336; *Moebus* v. *Herrmann,* 108 N. Y. 354.)

*Harold S. Brown* and *James C. Sweeney* for respondent. The defendant's motion for a nonsuit was properly granted, because, as matter of law, the plaintiff's evidence shows that she was guilty of contributory negligence. (*Reed* v. *Met. St. Ry. Co.,* 180 N. Y. 315; *Schasel* v. *International Ry. Co.,* 185 App. Div. 194; 230 N. Y. 538.)

HISCOCK, Ch. J.   The plaintiff brought this action to recover damages for personal injuries caused by being struck by one of defendant's trolley cars in the city of Buffalo. Thus far a right of recovery has been denied on the ground that she was guilty of contributory negligence as a matter of law. We disagree with this view

and, therefore, it becomes necessary briefly to state the facts by which her conduct is to be tested.

At the place where the accident happened defendant maintained two parallel tracks running practically north and south, there being between the nearest rails of the two tracks a space of about four feet and seven inches and between the overhang of two such cars as were involved in the situation leading to plaintiff's accident a space of only a little more than one foot. Plaintiff was a passenger upon a north-bound car and at a street crossing where it was the custom to stop for such purposes, this car stopped for the purpose of allowing her and other passengers to alight. She passed around the rear of the car from which she had alighted and which was standing still, with the intention of crossing the south-bound track to the side of the street. She listened and looked for the approach of a car on the south-bound track as soon as that track came within her line of vision but a rapidly approaching car was almost upon her and struck her while she was still in the space between the two tracks. The evidence permitted the jury to find that she looked as quickly and as diligently as possible after passing the obstruction of the car from which she had alighted and that on the other hand the south-bound car which struck her was approaching at a rapid rate of speed and without giving any signal of its approach by bell or whistle and this notwithstanding the fact that an ordinance of the city of Buffalo required that "Every * * * person having the charge and control of any street railway car * * * while approaching and passing any other street railway car standing for the discharge or reception of passengers shall sound the °gong and reduce the speed of his car to a rate not to exceed five miles per hour."

Under these circumstances the jury had a right to find that the plaintiff exercised as great caution as was possible and that she was not guilty of contributory negligence unless necessarily and inevitably it was such

contributory negligence to go around the rear of a standing car from which a passenger had alighted and attempt to cross an adjoining track situated as was this south-bound track on this occasion. It is commonplace to say that what may be negligence or contributory negligence on one occasion may be saved from that fault by comparatively insignificant circumstances on another occasion. We do not think that under the circumstances of this case it would be reasonable to say that a passenger alighting from a car and attempting to pass around its rear while standing still for the purpose of crossing the street is necessarily guilty of contributory negligence, no matter what precautions he observes. The quality of his conduct is to be tested in considerable measure by what he reasonably has a right to anticipate from the opposite party. If this plaintiff had been advised or knew that at this point defendant's south-bound cars were accustomed to pass at a rapid rate of speed and without giving any signal of approach, it would be easy to say that she was guilty of negligence if she attempted to cross the track without being able to see far enough to avoid a car traveling under such circumstances. But she was not bound to anticipate any such movement of defendant's cars as that. While in the absence of some evidence justifying that view I am not willing to assume that plaintiff knew of the city ordinance requiring signals and a slow rate of speed from defendant's approaching south-bound car, a jury might say that she did have the right to assume that any moving cars passing the car which had stopped for the purpose of allowing passengers to alight and to proceed to the sidewalks upon either side of the street would give signals of approach and observe a rate of speed which would enable the alighting passenger to avoid an accident. A jury could say that the defendant was compelled to observe this measure of prudence, even in the absence of definite ordinances. Then, further, I think that a jury might fairly say that, proceeding as

she did, plaintiff would have had ample opportunity to avoid being struck by defendant's car if it had given a signal indicating its approach and had proceeded at a rate of speed which would have enabled her in obedience to such signal to keep out of its way.

This, it seems to me, must be in accordance with the general rule which under ordinary circumstances will test the conduct of a passenger alighting from a car and attempting to pass around its rear end across an adjacent track. The jury will have the right to say that, whether as a matter of specific ordinance or of general principles of care and caution, it will be the duty of a defendant moving a car past another car standing on an adjacent track for the ordinary discharge of passengers, to move such car with reasonable care and caution so as to avoid accidents and which care and caution will ordinarily be evidenced by a reduced rate of speed of the approaching car and signals indicating its approach; that in the absence of special circumstances a passenger alighting from the standing car and attempting to pass around its rear end across the adjacent track will have the right to assume such careful conduct upon the part of a defendant in moving its cars past the standing car and will be bound to exercise reasonable care and caution on that understanding to avoid collision with an approaching car; that according to the special circumstances of each case it will be the duty of the court either to decide as matter of law that the passenger did not observe such precautions, did not look and listen for an approaching car as he should have done, or else permit the jury to say whether he did thus discharge his duty.

It seems to me that upon the entire situation as presented by the evidence in this case it was for the jury to say whether or not the plaintiff was careless to a degree which prohibits her recovery.

Decisions dealing with other accidents are not always satisfactory guides because, as has been pointed out,

slightly varying circumstances may place different cases upon different sides of the line of careful conduct. For this reason the cases of *Reed* v. *Metropolitan Street Railway Company* (180 N. Y. 315, 317) and of *Schasel* v. *International Railway Company* (185 App. Div. 194; affd., 230 N. Y. 538), especially relied on by defendant, do not seem to me to be applicable to or decisive of this case.

So far as concerns the *Reed* case, as is very clearly pointed out by Mr. Justice DAVIS in his dissenting opinion, its facts distinguish it from the present one, and as illustrating this difference it is only necessary to quote what was said by Judge BARTLETT in his opinion in this court. He wrote: " The situation discloses the failure to exercise ordinary caution. A person passing behind the rear of a car and stepping on to the track where a car may be approaching from the opposite direction, is bound to satisfy himself that the way is clear. It is apparent that the slightest caution on the part of this plaintiff would have advised him of the presence of the approaching car and avoided this accident." It certainly cannot be said as matter of law that the present plaintiff did not exercise " the slightest caution."

In the *Schasel* case it appeared that after the plaintiff had alighted and before he stepped upon the adjoining track where he was hit, the car from which he had alighted had proceeded for a distance of between thirty and forty feet and, therefore, as he passed around its rear, he had an opportunity for at least that distance to observe the approach of a car upon the adjoining track. The Appellate Division construed his evidence as being that he looked for an approaching car on the adjoining track " just after his car had moved on " and that he could not remember whether he looked again before stepping on to the track where he was struck. The Appellate Division also held that inasmuch as the car from which plaintiff had alighted was not standing still when the accident happened but had moved on, the defendant was

not guilty of negligence in not observing the ordinance governing its movements when it passed a standing car, and which was the same as in the present case, and that the evidence that the car was going at the rate of fifteen or twenty miles an hour had "little or no probative value." Thus we have the very distinguishing features between that case and the present one that there was nothing to prevent the plaintiff from seeing the approaching car for a distance of at least thirty or forty feet before it struck him and that without making any observation before he did so, he stepped upon the track in its way and naturally was hit.

On the other side the facts in the cases of *Pelletreau* v. *Metropolitan Street Railway Company* (74 App. Div. 192; aff'd., 174 N. Y. 503) and *Provoost* v. *International Railway Company* (151 App. Div. 240; aff'd., 208 N. Y. 611) seem to be quite as favorable to defendant as those in the present case and, therefore, to make the decisions in those cases quite decisive of plaintiff's right to have her case submitted to the jury.

In the first case the plaintiff alighted from a car, passed behind it " so near that she could touch it as she passed," looked up for approaching cars and not seeing any, stepped upon the adjacent track and was injured. There was evidence that the approaching car rang no bell and was coming at a fast rate of speed. It was held that where a pedestrian under such circumstances looked before stepping upon the track and then seeing no car proceeded and was struck by a car rapidly approaching without any signals, it could not be said as matter of law that he was guilty of contributory negligence.

In the *Provoost* case a passenger alighting from a street car attempted to pass around its rear and cross a parallel track. It appeared that he took the first opportunity to ascertain whether another car was approaching upon this latter track, but owing to the fact that one came at a high rate of speed and without any signals, he was struck

and killed.　Under these circumstances it was again held that the passenger was not guilty of contributory negligence as a matter of law, but that upon evidence, less satisfactory than that given in this case, a jury had the right to say that he might expect that the defendant would operate its car in a reasonably careful manner and that if it had done so the defendant would have had ample opportunity to protect himself.

Under the circumstances and for the reasons stated, we think that the judgments thus far rendered are erroneous and should be reversed and a new trial granted to plaintiff, costs to abide event.

HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgments reversed, etc.