WILLIAM H. WHITE, Appellant, v. SCHENECTADY RAILWAY COMPANY, Respondent.

*Street railways — action to recover for injuries suffered by plaintiff when he was struck by trolley car — plaintiff, who was driving automobile directly behind a west-bound car, attempted to cross the east-bound track at a street intersection while the west-bound car was discharging passengers, when he was struck by an east-bound car — judgment in favor of defendant affirmed.*

Appeal by plaintiff from a judgment of the Supreme Court in favor of the defendant, entered in the Schenectady county clerk's office on May 10, 1923, upon the dismissal of the complaint by direction of the court at the close of plaintiff's case.

Judgment affirmed, with costs. Cochrane, P. J., H. T. Kellogg, Van Kirk and McCann, JJ., concur; Hinman, J., dissents, with opinion.

HINMAN, J. (dissenting): Upon this motion for a nonsuit the plaintiff is entitled to the most favorable inferences to be drawn from the testimony. He was trailing a Schenectady-Albany interurban trolley car in a westerly direction on State street, Schenectady, N. Y., for a short distance and while turning in a southerly direction in the act of crossing the double tracks of the defendant from the northerly side of State street, into Martin street, in the rear of this west-bound interurban car which was standing on the northerly track discharging passengers at the lower and westerly crossing of said State and Martin streets, the plaintiff's automobile was struck in the rear by one of the defendant's cars which was then proceeding easterly on the defendant's southerly track at an excessive rate of speed of thirty to forty miles an hour without signal or warning of its approach. At the time of said accident said east-bound trolley car was being operated at a greater speed than was permitted in that section of Schenectady by an ordinance of that city. The plaintiff says that when he was about one hundred feet from Martin street he looked down the street in the direction from which the other car came and saw no car approaching. We do not know just how far the west-bound car was ahead of him at the time that he looked but the inference from his testimony is that he had crept up fairly close to it. A fair inference could be drawn from the testimony that, at the time when he looked, the trolley car, which he was following, which was a fifty-foot interurban car, so obstructed his view as to prevent him from seeing the approach at that time of the east-bound car which struck him. We cannot say that his view was so unobstructed that his testimony that he looked and did not see the approaching car is incredible as a matter of law. Upon that phase of the case there was a question of fact for the jury. The further contention of the defendant is that in turning as he did, ten feet in the rear of this standing trolley car where he was unable to see whether any car was approaching easterly on the other track, the plaintiff was guilty of contributory negligence as a matter of law; that it was plaintiff's duty as a prudent person to wait before attempting to cross until the standing car had moved away sufficiently to clear his vision as to a possible car approaching on the other track. I cannot distinguish this case in principle from the holding in the case of *Wall* v. *International R. Co.* (233 N. Y. 309), in which case the Court of Appeals said, with reference to the contributory negligence of a passenger alighting from a standing trolley car and passing to the rear of it was struck by another trolley car proceeding in

the opposite direction at an excessive rate of speed and without signal of its approach: " The quality of his conduct is to be tested in considerable measure by what he reasonably has a right to anticipate from the opposite party." It seems to me that the jury could have found in this case that the plaintiff exercised due care in proceeding to make the turn to the left even though the standing trolley car obstructed his view of the car approaching from the opposite direction. He looked and saw all that could be seen before starting to turn. The plaintiff is entitled to the inference that the car was hidden from view. He heard no warning bell or other signal of approach. In order to turn to the right of the center of the intersecting streets as required by law* in order to turn into this narrow Martin street, he was very close to the standing trolley car. He apparently proceeded with his attention turned toward the approach of danger or at least the jury could have so found, for he says: " I did see the car coming when I got over there," evidently referring to the place where he could see down the other track. He also says: " Just as I got on the track I saw a car coming very very fast." " I tried to get the speed up but it was going so fast I couldn't get speed enough to get across. Therefore they struck me by the rear door right in front of the rear wheel." When he saw the car it was ten or fifteen feet from him. In the case of *Wall* v. *International R. Co.* (*supra*, 312) the Court of Appeals says: " While in the absence of some evidence justifying that view I am not willing to assume that plaintiff knew of the city ordinance requiring signals and a slow rate of speed from defendant's approaching south-bound car, a jury might say that she did have the right to assume that any moving cars passing the car which had stopped for the purpose of allowing passengers to alight and to proceed to the sidewalks upon either side of the street would give signals of approach and observe a rate of speed which would enable the alighting passenger to avoid an accident. A jury could say that the defendant was compelled to observe this measure of prudence, even in the absence of definite ordinances. Then, further, I think that a jury might fairly say that, proceeding as she did, plaintiff would have had ample opportunity to avoid being struck by defendant's car if it had given a signal indicating its approach and had proceeded at a rate of speed which would have enabled her in obedience to such signal to keep out of its way." If a passenger alighting from such a car has the right to make such an assumption as to the performance of duty by the operator of another car, passing the car which has stopped for the purpose of allowing passengers to alight, it is impossible to see upon what theory another pedestrian or the driver of a vehicle has not the right to assume that the moving car will be thus operated for the benefit of the alighting passengers if not for his own benefit. I think it is a question of fact for the jury whether this plaintiff exercised due care for his own protection and would have had ample opportunity to avoid being struck by the defendant's car if it had given a signal indicating its approach and had proceeded at a reasonable rate of speed. I think the judgment of nonsuit was erroneous and that a new trial should be granted to the plaintiff, with costs to abide the event.

---

* See General Highway Traffic Law, § 11, subd. 2; Highway Law, § 286, subd. 9, added as subd. 3 by Laws of 1910, chap. 374; renumbered subd. 9 and amd. by Laws of 1918, chap. 540, as amd. by Laws of 1921, chap. 580.— [REP.