NEW AMSTERDAM CASUALTY COMPANY and Another, Respondents, *v.* NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Appellant.

First Department, October 28, 1932.

*Charles Braunhut* of counsel [*Norman S. Rein,* attorney], for the appellant.

*Hyman Grill* of counsel [*Albert J. Hiers,* attorney], for the respondents.

O'MALLEY, J. This is an action brought jointly by the plaintiff and the sheriff of the county of New York in aid of an attachment.

(Civ. Prac. Act, §§ 917, 922 and 943.) Special defenses interposed have been successfully attacked, under rules 103 and 109 of the Rules of Civil Practice, because of alleged insufficiency. In support of these defenses, but without a counter motion to dismiss, the defendant attacked the sufficiency of the complaint and sought an order of dismissal. Its defenses were stricken out and its request for a dismissal of the complaint denied.

It is well settled that a bad answer is good enough for a bad complaint; also, that plaintiffs' attack upon the answer permits scrutiny of the complaint and if such pleading is defective plaintiffs' motion addressed to the answer must be denied. (*Baxter* v. *McDonnell,* 154 N. Y. 432; *Union Ferry Co.* v. *Fairchild,* 191 App. Div. 639.) However, the motion not having been made under rule 112 of the Rules of Civil Practice, the complaint may not be dismissed in the absence of a counter motion by the defendant for such specific relief. (*Bernard* v. *Chase National Bank,* 233 App. Div. 384.) Here, the complaint has been held sufficient and the defenses insufficient.

With the decision, in so far as it holds the defenses as pleaded to be insufficient, we are in accord. We take a contrary view as to the sufficiency of the complaint.

The maintenance of an action of this character must be predicated upon a proper levy under the attachment. The complaint alleges merely that a *copy* of the warrant of attachment " was duly served upon the defendant." It fails to allege that a *certified* copy was thus served and fails to allege service upon the defendant of " a notice showing the property attached." (Civ. Prac. Act, § 917, subd. 3; *Hayden* v. *National Bank of State of New York,* 130 N. Y. 146; *Courtney* v. *Eighth Ward Bank,* 154 id. 688; *People* v. *St. Nicholas Bank,* 44 App. Div. 313; *Weil* v. *Gallun,* 75 id. 439.) While the allegation that a copy of the warrant was *duly* served might possibly suffice with respect to the warrant itself, it is insufficient to show service of the required notice.

In considering the defenses a brief reference to other allegations of the complaint is necessary. The Federal Surety Company of Davenport is a foreign insurance company organized under the laws of the State of Iowa, with authority to do business in this State. The warrant of attachment was secured because of such fact.

The first defense is to the effect that the complaint fails to state a cause of action. This is a mere conclusion and does not constitute new matter. The second defense is to the effect that the Federal Surety Company against which the plaintiff recovered judgment, prior to June 1, 1931, became insolvent and that pursuant to the

laws of the State of Iowa and of the State of New York, an order of liquidation was duly made and filed and dissolution of the company decreed and an order to that effect entered in the office of the clerk of the county in Iowa where such corporation had its principal office, and that certified copies of such orders were duly filed with the Superintendent of Insurance of the State of New York, of all of which the plaintiffs had notice. It is further alleged that the plaintiff New Amsterdam Casualty Company filed its claim against the Federal Surety Company with the Superintendent of Insurance of Iowa, and thereby elected to prosecute and collect such claim against said Federal Surety Company.

The third defense is to the effect that the warrant of attachment obtained by the plaintiff New Amsterdam Casualty Company against the Federal Surety Company and the judgment secured by it against such company, as alleged in the complaint, were wholly invalid and void.

It is obvious that the third defense as thus pleaded states a conclusion of law merely. No facts tending to support the claim of illegality with respect to either the warrant of attachment or the judgment are set forth.

We are of opinion, too, that the second defense as pleaded is insufficient. It is merely to the effect that the plaintiff New Amsterdam Casualty Company filed its claim with the Superintendent of Insurance of the State of Iowa and thereby elected to look to the Federal Surety Company for satisfaction. As we read the defense it asserts in substance that such plaintiff is seeking inconsistent remedies. In our view this defense may not be so interpreted. This plaintiff is not asserting inconsistent, but rather cumulative, remedies. It can have satisfaction of its claim but once and any sum realized in this action would necessarily have to be credited on its claim filed in Iowa. Conversely, any sum realized on its claim before the Iowa liquidator would likewise have to be credited to the Federal Surety Company in this action.

The defendant in support of this defense cites and relies upon the case of *Martyne* v. *American Union Fire Ins. Co.* (216 N. Y. 183). While giving full recognition to the force of this decision, we are of the opinion that the defendant has not brought itself within its requirements in attempting to plead this second defense. If it desires to defend under the authority of this decision it should have pleaded facts showing that before the institution of this action and the levy under the warrant of attachment, the judgment debtor had been dissolved and divested of its assets pursuant to foreign statutes calling for recognition by our courts under general rules of comity.

Because of the insufficiency of the complaint and for the reasons heretofore stated the order striking out the defenses should be reversed, with ten dollars costs and disbursements, and plaintiffs' motion denied, with ten dollars costs.

FINCH, P. J., MERRELL, SHERMAN and TOWNLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.