KAY NEWGOLD, Appellant, v. BON RAY HOTEL CORP., Respondent.— In an action brought by the plaintiff on a promissory note, claimed by assignment from the payee, a defense that payee has been divested of title to the note through the appointment of a receiver in supplementary proceedings is sufficient in law when coupled with a denial that the note was transferred to the plaintiff or that such transfer took place prior to the appointment of the receiver. Where plaintiff claims that the note was made by another for the accommodation of the defendant, although defendant's signature appears on the note as an indorser and not as maker, and defendant denies that it is primarily liable on the note or that it received consideration therefor, a defense of *ultra vires* is sufficient in law. Nor does it appear from the pleading or from the affidavits that either of said defenses is sham. However, the " Seventh " defense pleaded as a counterclaim and cross-complaint fails to state facts sufficient to constitute a cause of action for the reason that the legal expenses of defending this action may not be recovered herein. (*Avalon Constr. Corp.* v. *Kirch Holding Co.*, 256 N. Y. 137; *Winthrop Chemical Co., Inc.*, v. *Blackman*, 159 Misc. 451; *Rollin* v. *Grand Store Fixture Co., Inc.*, 231 App. Div. 47.) Said defense is also insufficient in law on the ground that it rests upon a mere conclusory allegation of conspiracy. (*Monica Realty Corporation* v. *Bleecker*, 229 App. Div. 184.) The order appealed from is reversed

on the law, with ten dollars costs and disbursements, and the motion granted, without costs, to the extent of striking from the answer the " Seventh " separate defense and counterclaim. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.