FRANK A. DUKE, Plaintiff, *v.* JULIUS WASSERMAN, Defendant.

Supreme Court, Special Term, Queens County, January 16, 1948.

*Bonom & Silverman* for plaintiff.

*Jacob Patent* for defendant.

HALLINAN, J. In an action for the specific performance of a written agreement dated October 18, 1947, for the sale by the plaintiff to the defendant of certain real property described in the complaint, said defendant has interposed in his answer two defenses, the second of which is now challenged by the plaintiff for legal insufficiency.

The defense challenged does not allege any new matter, but states that the complaint fails to state a cause of action, in that it fails to allege a tender of performance in accordance with the terms of the contract, which should have included, among other things, a tender of delivery of the deed on November 15, 1947, at 10:00 A.M. at a certain place, with proper documentary stamps, as well as a tender to the defendant for execution, of a bond and mortgage. Clearly, a defense to the effect that the complaint fails to state facts sufficient to constitute a cause of action, cannot be taken by answer; if the complaint is deemed deficient on its face, a motion to dismiss it for legal insufficiency must be made. (*Falk* v. *MacMasters,* 197 App. Div. 357.)

The defendant, however, seeks to justify the defense in question upon the ground that a motion challenging its legal sufficiency, searches the record and opens the sufficiency of the complaint to attack. (*Manson* v. *Curtis,* 233 N. Y. 313, 319; *Cavanagh* v. *Hutcheson,* 140 Misc. 178, affd. 236 App. Div. 794.) Undoubtedly, this is so. This court, however, is of the opinion that the complaint is sufficient, as a matter of pleading, notwithstanding its failure to allege tender. The complaint alleges the delivery to the plaintiff by the defendant of a check in the sum of $1,000 as a down payment under the contract; the acceptance, endorsement and deposit thereof by the plaintiff to the credit of his bank account; and that " the defendant caused payment of said check to be *stopped.*"

It is the general rule that where a party to a contract, prior to the time for its performance, repudiates or renounces it; this may be treated by the other party as a complete, anticipatory breach. (*Brakarsh* v. *Brown,* 162 Misc. 412; *Sussman* v. *Cutler,* 63 N. Y. S. 2d 877.) Surely, the stopping of payment of a check delivered by a purchaser, pursuant to the terms of a contract, as a down payment on account of the purchase price of real property, constitutes the repudiation and renunciation of that contract. (*Palmer* v. *Golden,* 127 Misc. 487, affd. on opinion below, 221 App. Div. 360.)

The defendant argues, however, that the plaintiff was unable to perform and that a waiver of tender is applicable only in cases where the plaintiff *has* the ability to perform. In determining whether a complaint is legally sufficient, the allegations thereof are taken as established facts, without regard to the defenses set up in the answer. (*Lipkind* v. *Ward,* 256 App. Div. 74; *Staten Island Edison Corp.* v. *Maltbie,* 270 App. Div. 55, affd. 296 N. Y. 374.) The defendant's position is apparently based upon the first defense not here challenged, wherein it is

alleged that immediately after the signing of the contract, the defendant examined the zoning records and ascertained that the premises involved could not be used for the business purposes required by him and set forth in the contract. That is, however, a matter of defense for the trial court to determine and cannot be disposed of upon a challenge to the sufficiency of the complaint.

Accordingly, plaintiff's motion to strike out the second defense is granted. There will be no necessity to serve a new answer as the second defense may be marked with reference to the order to be entered hereon, which will be settled 'on notice.