Meier Steinbrink, J.
Motion by plaintiffs pursuant to rule 109 of the Buies of Civil Practice, to strike out defenses as insuEcient in law and cross motion by defendants under rule 106 of the Buies of Civil Practice, to.dismiss the complaint for failure to state a cause of action. The action is in equity to impress a trust upon real property and to declare that the parties to the action own said property as tenants in common. Plaintiffs and defendants are brothers and sisters. The relief is sought on the claim that the defendants received the property upon a trust for the benefit of the parents of the parties hereto and that upon the death of the parents, intestate, title to said property vested in the surviving children. The complaint also contains allegations of partial performance by plaintiffs. The answer consists of denials and four aErmative defenses. The first defense is predicated .upon the Statute of Frauds. This defense may not be sustained. The Statute of Frauds cannot be used as a defense against fraud or the abuse of a confidential relationship in the acquisition and retention of real property. (Waters v. *166 Hall, 218 App. Div. 149; Gallagher v. Gallagher, 135 App. Div. 457, affd. 202 N. Y. 572; Goldsmith v. Goldsmith, 145 N. Y. 313; Wood v. Rabe, 96 N. Y. 414; Wheeler v. Reynolds, 66 N. Y. 227; McKenna v. Meehan, 248 N. Y. 206; Wittner v. Burr Ave. Development Gorp., 222 App. Div. 285.) The, second defense alleges that the cause of action abated by reason of the death of the parents prior to the commencement of this action. No citation of authority is required to show the insufficiency of that defense. (See Decedent Estate Law, § 83.) The third defense is to the effect that the complaint fails to state a cause of action. This is a mere conclusion and does not constitute new matter. (New Amsterdam Cas. Co. v. National Union Fire Ins. Co., 236 App. Div. 494.) Such a defense cannot be taken by answer. (Falk v. MacMasters, 197 App. Div. 357; Duke v. Wasserman, 191 Misc. 849.) The fourth defense alleges the illegality of the agreement set forth in the complaint. The defense is insufficient for failure to plead supporting facts. (Kaufman v. Investors Syndicate, 149 Misc. 686; Schiff v. Schiff, 270 App. Div. 845; Equitable Trust Co. v. Keene, 111 Misc. 544, affd. 195 App. Div. 384, revd. on another point 232 N. Y. 290; New Amsterdam Cas. Co. v. National Union Fire Ins. Co., supra.)
Accordingly, plaintiffs’ motion to strike out the defenses is granted with leave to serve an amended answer within 10 days with regard to the fourth defense. Defendants’ cross motion to dismiss the complaint for insufficiency is denied. In my opinion, the complaint sufficiently states a cause of action. Settle order on notice.