Lloyd I. Herzka, J.
The defendants have moved to dismiss the first and third causes of action of the amended complaint pursuant to rule 106 of the Buies of Civil Practice on the ground of insufficiency. The plaintiff has cross-moved, pursuant to rule 109, to dismiss the defendants’ second and third *358 affirmative defenses to the plaintiff’s second cause of action upon the ground that the defenses are legally insufficient.
The plaintiff originally served a complaint alleging three causes of action. The defendants moved to dismiss the complaint. Upon appeal, the first cause of action was upheld by the Court of Appeals (Monclova v. Arnett, 3 N Y 2d 33). The second cause of action was dismissed with leave granted to the plaintiff to replead. The third cause of action was sustained as a valid cause of action by the Appellate Division (Monclova v. Arnett, 1 A D 2d 700). No appeal was taken from the order of the Appellate Division nor was any application for reargument ever made.
The plaintiff has now served an amended complaint in which the first and third causes of action follow verbatim the first and third causes of action which were set forth in the original complaint and which have been held to be valid.
This court is bound to follow the decisions of the appellate courts made in this particular case. Such prior decisions become the “ law of the case ” (Hornstein v. Podwitz, 229 App. Div. 167, affd. 254 N. Y. 443).
The validity of the causes of action which are now under attack having previously been upheld by the appellate courts, the defendants may not now launch a series of new attacks against the same causes of action for reasons which the defendants did not see fit to urge upon the prior motion or because the appellate courts overlooked any points of law which might have affected the decisions on appeal. If the defendants feel aggrieved and feel that a proper determination was not made by the Appellate Division and Court of Appeals, the proper remedy is for a motion for leave to reargue in those courts. The defendants will not be permitted to move for the same relief in the lower court. Nor may it be said that the prior decisions are not controlling here because the causes of action are contained in an amended complaint. The labelling of the causes as part of an amended complaint does not change the fact that the language and substance of the first and third causes of action are identical, word for word, with the allegations in the first and third causes of action of the original complaint, which have been held legally sufficient. Plaintiff’s designation and service of an “ amended complaint ” was proper and necessary by the addition of further allegations in connection with the second cause of action. The use of the word “ amended” did not change the context of the first and third causes of action nor give rise to new causes of action which may be challenged de novo by the defendants.
*359 While the motion to dismiss the first and third causes of action will be denied for the reasons stated above, this court has taken note of the facts that both points raised by the defendants upon this motion were presented by the defendants in the brief submitted to the Court of Appeals on the appeal from the decision on the prior motion made with respect to the original complaint. Therefore, the motion to dismiss the first and third causes of action is denied.
The plaintiff has cross-moved to dismiss the second and third affirmative defenses to the plaintiff’s second cause of action on the ground that the defenses are insufficient in law.
The second cause of action alleges in substance that the defendants individually and on behalf of the corporate defendant requested the plaintiff to make certain alterations in premises known as 188 West 9th Street, Brooklyn, so as to convert said premises- into a six-family Class A multiple dwelling. It is further alleged that the services rendered were reasonably worth $6,000 and that no part of said sum has been paid although duly demanded.
The second affirmative defense alleges that the second cause of action violates the statutes of the State of New York and is against the public policy of the State.
Standing alone as a cause of action to recover for the reasonable value of work, labor and services rendered, the second cause of action is neither against public policy nor is it contrary to any of the laws of the State of New York. It is the contention of the defendants, however, that the plaintiff in setting forth her second cause of action has repeated and realleged certain allegations contained in the first cause of action and that the first cause of action is illegal because it is in violation of the Alcoholic Beverage Control Law and that therefore the second cause of action must fail.
It should be noted that the first cause of action has been held valid. The question of legality has heretofore been presented to the Court of Appeals. In its decision the court stated (3 N Y 2d 33, 35-36): “ When the allegations of plaintiff’s first cause of action are read in the light most favorable to her, it fully appears that the plaintiff is * * * seeking * * * to enforce an agreement whereby defendants, in consideration of certain services rendered to them by the plaintiff, promised to give to her a one-half interest in the subject retail package liquor store located at 376 Classon Avenue, Brooklyn, N. Y., which until now they have refused or neglected to do. * * * The fact that a change in ownership of a retail package liquor store requires the approval of the State Liquor Authority pro *360 vides no basis for denying to plaintiff the relief sought. Even if the Authority ultimately refuses approval there is no good reason why plaintiff should be denied the opportunity to establish vis-a-vis the defendants her property rights in the package store, the liquidation value of which appears to be substantial.”
It will be noted that the Court of Appeals has held in this case that the necessity of obtaining approval from the State Liquor Authority prior to a transfer of interest is not a ground for denying plaintiff relief from the defendants by reason of the defendants’ failure to perform the agreement. Defendants’ promise to convey an interest in the liquor store was not illegal or against public policy. Without approval of the Authority however, it could not be consummated. In such event the defendants may be required to respond to the plaintiff in damages for failure to complete the change- in ownership.
The Court of Appeals having upheld the validity of the first cause of action, the attack upon the second cause of action because of the inclusion of the allegations of this first cause of action must fail. What remains of the defendants’ second affirmative defense, therefore, is a bare allegation of illegality unsupported by the pleading of any additional facts and it is insufficient to constitute an affirmative defense (McGowan v. McGowan, 4 Misc 2d 165, affd. 277 App. Div. 897; Kaufman v. Investors Syndicate, 149 Misc. 686).
The third affirmative defense contained in the answer alleges that the “ matter and agreement set for in paragraph thirty-third is a special promise to answer for the debt, default, or miscarriage of the corporation * * * ” and based upon such allegation the Statute of Frauds is pleaded as a defense.
The third affirmative defense is insufficient in law. Paragraph thirty-third states the nature of the promise. It charges that the individual defendants, “ acting individually and in their capacity as such stockholders, directors and officers of the defendant, 188 W. 9th St., Inc., requested the plaintiff to make certain alterations in the premises known as 188 West 9th Street, Brooklyn, New York.” The second cause of action alleges not only that the individual defendants made the request for the work, labor and services performed but ‘ ‘ that the services rendered by plaintiff to defendants and each of them, as aforesaid, were reasonably worth the sum of Six thousand dollars ($6,000) * * * ”. Those are the allegations in the second cause of action and the plain and simple meaning thereof is that the individual defendants made a promise to pay for work done for them at their request. The individual *361 defendants are not being called upon to pay for “ the debt, default, or miscarriage of the corporation ’ ’ but to pay for work that allegedly the defendants requested and which was done for them and for which they promised to pay. In addition to the foregoing, an examination of the third affirmative defense discloses that the defendants have failed to plead any ultimate facts in support of their contention. Without material allegations of fact the defendants’ affirmative defense becomes wholly conclusory and insufficient as a pleading (McGowan v. McGowan, supra; Kaufman v. Investors Syndicate, supra).
The motion to dismiss the second and third affirmative defenses is granted. Defendants may, if they are so advised, replead in respect to the second cause of action within 10 days after the entry of the orders herein.
Settle orders on notice.