William R. Brennan, Jr., J.
The plaintiff in this action to foreclose a mechanic’s lien moves to dismiss separate defenses pleaded in the respective answers of the general contractor (Layne) and of the surety (American) upon its undertaking filed to discharge the lien. The litigation arises out of a public improvement contract pursuant to which Layne constructed and installed a water pumping station for the defendant Village of Hempstead. The plaintiff sold and delivered electrical supplies and equipment to one of Layne’s subcontractors, the defendant Tatem, for which it has not been paid.
The first defense in the answers under attack rests upon an alleged nonjoinder of Michaels Electrical .Supply Corp., another creditor of Tatem’s, which is alleged to have filed a lien on January 18, 1963. The lis pendens in the instant case was filed July 25, 1963. Section 44 of the Lien Law mandates joinder as necessary parties defendant of all lienors having liens, notices of which have been filed against the same public improvement. Under the Lien Law (§ 2), a lienor is “ any person having a lien upon property by virtue of its provisions ”. The Lien Law also provides in section 18 that a lien for labor done or materials furnished for a public improvement “ shall not continue for a longer period than six months from the time of filing the notice of such lien ” unless an action is commenced to foreclose it within that time or an order continuing the lien is obtained. It not being alleged that either event occurred, it does not appear from the pleading that it did continue beyond July 18, 1963. Unless it was continued, it lapsed. (See Noce v. Kaufman, 2 N Y 2d 347, 351; Triple Cities Constr. Co. v. Dan-Bar Contr. Co., 285 App. Div. 299, 306.) The defense is insufficient and is stricken.
The motion also involves the sufficiency of the second defense in each answer which asserts that the plaintiff has failed to state a cause of action. The defendants rest their right to assert such a defense upon the first part of the second sentence of CPLR 3211, subd. (e), which in its entirety reads: “ Any objection or defense based upon a ground set forth in subdivision (a) is waived unless raised either by ¡such motion [under 3211] or in the responsive pleading, except that a motion based upon a ground specified in paragraphs two, seven or ten of subdivi *335 sion (a) may be made by motion at any subsequent time or in a later pleading, if one is permitted.”
The defense under review is one provided for by paragraph 7 of subdivision (a) of 3211. It is not waived by failure to move prior to answer or by failing to state it in the answer. Consequently, it is not required to be stated to be preserved. The question remains whether the defense should be permitted to stand when it is stated.
Under the Civil Practice Act and its predecessor, the Code of Civil Procedure, the rule was that: 11 The defense that the complaint does not state facts sufficient to constitute a cause of action cannot be taken by answer.” (Falk v. MacMasters, 197 App. Div. 357, 362; Duke v. Wasserman, 191 Misc. 849; Gross v. Price, 127 N. Y. S. 2d 729, 734; McGowan v. McGowan, 4 Misc 2d 165.) The apparent theory underlying such rulings was that a defense that the complaint did not state a cause of action was a mere conclusion and did not constitute new matter (New Amsterdam Cas. Co. v. National Union Fire Ins. Co., 236 App. Div. 494, 495). This reasoning was predicated upon section 261 of the Civil Practice Act which required that an answer contain, among other things, 1 ‘ A statement of any new matter constituting a defense or counterclaim.” This is not repeated in the CPLE which now provide, ‘ ‘ There shall be a complaint and an answer. An answer may include a counterclaim against a plaintiff and a cross-claim against a defendant.” (CPLE 3011); and which, as to affirmative defenses, states, “A party shall plead all matters which if not pleaded would be likely to take the adverse party by surprise or would raise issues of fact not appearing on the face of a prior pleading.” (CPLE 3018, subd. [b].) An enumeration in the statute of types of affirmative defenses is followed by the concluding sentence: “ The application of this subdivision shall not be confined to the instances enumerated.”
The motion to strike the defense is denied even though the pleading thereof is unnecessary. At best, it affords notice to the plaintiff that the defendant pleading it will assail the complaint as insufficient, a remedy that is not foreclosed to the defendant as the plaintiff already knows. At worst, it cannot prejudice the plaintiff.
To the extent that the plaintiff’s motion purports to rest upon a prior determination of this court as barring the defense, it lacks merit because the prior decision merely ruled that the complaint was not barred by any applicable Statute of Limitations. The earlier determination did not adjudicate the sufficiency of the complaint. Neither does the present determi *336 nation pass upon the sufficiency of that pleading, particularly since neither party has discussed that issue. (Cf. 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., p. 32-104.) It is merely decided that a defendant may in his answer as a matter of pleading aver that the complaint fails to state a cause of action.
Finally, the plaintiff moves to strike a defense pleaded in each answer which challenges the efficacy of the conceded filing of a notice of lien by the plaintiff with the Mayor and the Treasurer of the defendant village. The defense is predicated upon section 12 of the Lien Law, which provides for filing of a notice of lien with “ the head of the department or bureau having charge of such construction * * * and with * * * the financial officer of the public corporation ”. It is claimed that the Mayor was not a proper officer with whom to file notice in this context.
It is admitted that the contract here involved was duly made between the defendant Layne and the defendant village and confirmed by the Board of Trustees of the village. Consequently, it is presumed to have been executed by the Mayor in the name of the village (Village Law, § 337) of which he is the executive officer (Village Law, § 80). In Albany Bids.’ Supply Co. v. Eastern Bridge & Structural Co. (235 N. Y. 432) the court sustained the validity of a lien filed with the City Treasurer and City Clerk of the City of Rensselaer. It was argued that the notice of lien should have been filed with the President of the Council (the executive officer of the city) rather than with the Clerk. The court held filing with the Clerk adequate, saying: ‘ ‘ If the president of the council were to receive a notice of lien, his duty would be to deliver it to the city clerk, who would enter it in the 1 lien book.’ * * * The requirement that the notice be filed with the head of the department docs not mean that the head of the department must acquire possession of the notice by manual tradition. It means that the notice must reach the chief of the department through his designated custodians.” (235 N. Y. 438.)
Implicit in the determination of that case is the holding that filing with the president as executive officer of the Council of the city would have been perfectly proper. It was on that premise that the filing with the Clerk as a representative of the Council was held proper, for, obviously, the Clerk was not deemed the head of the department or bureau having charge of the work but only the custodian of the record that would ordinarily reach him from the executive officer of the municipality.
It follows that the defense is insufficient and must be dismissed, without leave to replead.