William It. Brennan, Jr., J.
The plaintiffs suing in behalf of themselves and others similarly situated are engaged in the fuel oil business and sell and deliver fuel oil for heating purposes to homeowners and others. The defendant is a duly organized *426 public utility which supplies electricity and gas to homeowners and others. The parties conduct their respective businesses in many of the same areas and included in these areas is the Town of Huntington in which the plaintiffs and defendant are engaged in sharp competition for the home heating market.
Since January 19, 1965, there has been in force in Huntington an amendment to its subdivision regulations which mandates the underground installation of electric and telephone wires in new developments. The plaintiffs complain that the defendant has pre-empted the home heating market in the developments constructed or proposed since January 19, 1965 by waiving its authorized charges for providing underground installation of electrical service to those homes where gas is utilized for fuel and by insisting upon payment if gas is not so utilized.
Thus the crux of the plaintiffs’ grievance is that the defendant is allegedly using its conceded monopoly in the electrical field to restrain and lessen its competition in the home heating field in which it lacks a monopoly. (Cf. Snell v. Clinton Elec. Light, Heat & Power Co., 196 Ill. 626; Seaton Mountain Elec. Light, Heat & Power Co. v. Idaho Springs Inv. Co., 49 Colo. 122; Ann. 55 A. L. B. 771; see, also, on tying arrangements, International Salt Co. v. United States, 332 U. S. 392; Northern Pacific Ry. Co. v. United States, 356 U. S. 1.)
The cause is before the court on two motions, the first of which is to strike two defenses pleaded in the answer. The first of the defenses simply alleges that the plaintiffs promote their sale of oil and oil burning equipment by means of promotional payments, allowances and considerations to builders, developers, plumbers, dealers and others, and those include advertising allowances, installation of equipment below market price, cash payments and other related allowances.
Plaintiffs argue that this defense is insufficient at law in that it fails to charge plaintiffs with any illegal acts and merely accuses them of indulging in promotional practices which are no more than normally incidental to free and open competition. The argument has merit insofar as it points up the incompleteness of the defense. Thus, if defendant is eventually found to have engaged in unfair practices in restraint of trade, it would be no defense to prove that the plaintiffs had engaged in lawful promotional practices. The defense is certainly not complete nor is it automatic in the sense that if proven it would necessarily exonerate the defendants. The defense, however, though technically unnecessary to have been pleaded at all, is nevertheless proper. It merely acquaints the plaintiffs with factual matters which the defendant intends to prove and which the *427 defendant would be entitled to prove even under a mere general denial of the allegations of the complaint.
The complaint itself charges the defendant with engaging in arrangements in restraint of trade and in excluding plaintiffs from the competitive home heating market in the Town of Huntington. While the statute is not pleaded, the plaintiffs nevertheless rely upon and invoke section 340 of the General Business Law (Donnelly Antitrust Act); and it has been specifically held that in order to have an agreement or arrangement run afoul of the statute, the agreement or arrangement must be in “ unreasonable ” restraint of trade. (Dawn to Dusk v. Brunckhorst Co., 23 A D 2d 780.) In order to determine as a factual matter whether particular arrangements or agreements constitute unreasonable restraints of trade, a thorough analysis of the competitive home heating market in the Township of Huntington for the period of time in question is indispensable. Since the acts with which plaintiffs are charged in the affirmative defense directly affect the competitive market, they are proper items of inquiry. They will furnish certain particulars affecting the over-all competitive market, which market constitutes the background against which defendant’s actions must be weighed and judged.
The attack on the second defense which alleges that the complaint fails to state a cause of action is overruled. (Prompt Elec. Supply Co. v. W. E. Tatem, Inc., 43 Misc 2d 333.)
As the first affirmative defense is allowed to stand, the defendant is entitled to examine the plaintiffs before trial on the subjects of inquiry set forth in its notice. Plaintiffs’ motion for a protective order, however, will be granted to the extent of striking from the notice items 9, 10 and 11, all of which seek nonessential information which might prove highly prejudicial to the plaintiffs if unlimited disclosure were authorized. The examination pursuant to the notice as modified shall proceed at the time and place to be fixed in the order to be settled hereon.