KOREMAN, P. J., GREENBLOTT, KANE and LARKIN, JJ., concur.

Order affirmed, without costs.

W. KENNETH RILAND, Appellant, v FREDERICK S. TODMAN & Co. et al., Respondents.

First Department, March 17, 1977

*Boris Kostelanetz* of counsel *(Arthur N. Seiff* with him on the brief; *Kostelanetz, Ritholz & Mulderig,* attorneys), for appellant.

*Richard G. McGahren* of counsel *(Kenneth A. Sagat* with him on the brief; *D'Amato, Costello & Shea,* attorneys), for respondents.

BIRNS, J. In three causes of action, plaintiff-appellant charged members of an accounting firm with breach of fiduci-

ary duty, fraud and deceit, and professional malpractice or negligence.

In essence, defendants' answer contains a general denial and various affirmative defenses. On this appeal we are concerned solely with plaintiff's challenge to the first affirmative defense contained in the answer, namely, that the complaint fails to state a cause of action. Special Term denied plaintiff's motion to strike the affirmative defense, holding, "Defendant may assert affirmative defenses addressed to the full spectrum of plaintiff's pleading and potential proof *(Guttman & Co. v Dan Riv. Mills,* 30 AD2d 646)."

Relying upon *Sado v Marlun Mfg. Co.* (196 NYS2d 32), appellant urges simply that by electing to plead such defense defendants chose to test the sufficiency of the complaint; that Special Term was required to examine the complaint and search the record in order to make a judicial declaration before trial as to whether the complaint was sufficient; and that the court should have stricken that defense inasmuch as the complaint in each of its branches sets forth a valid cause of action.

The Civil Practice Act was in effect when *Sado (supra)* was decided. Under the Civil Practice Act as well as its predecessor, the Code of Civil Procedure, the rule was that "[t]he defense that the complaint does not state facts sufficient to constitute a cause of action cannot be taken by answer". *(Falk v MacMasters,* 197 App Div 357, 362; *Duke v Wasserman,* 191 Misc 849; *Gross v Price,* 127 NYS2d 729, 734; *McGowan v McGowan,* 4 Misc 2d 165.) Implicit in such ruling was the theory that the defense stated a mere conclusion of law *(New Amsterdam Cas. Co. v National Union Fire Ins. Co.,* 236 App Div 494, 495), for which there was no statutory provision.

Cases and texts indicate that a different result should be reached under the provisions of the CPLR. In *Prompt Elec. Supply Co. v W. E. Tatem, Inc.* (43 Misc 2d 333, 335), where a similar challenge was made, the court noted that under the CPLR, unlike under the Civil Practice Act or Code of Civil Procedure, the defense of failure to state a cause of action is "one provided for by paragraph 7 of subdivision (a) of 3211. It is *not* waived by failure to move prior to answer or by failing to state it in the answer. Consequently, it is not *required* to be stated to be preserved". The court, thereupon, denied the motion to strike the defense "even though the pleading thereof is unnecessary", observing, "At best, it affords notice

to the plaintiff that the defendant pleading it will assail the complaint as insufficient, a remedy that is not foreclosed to the defendant as the plaintiff already knows. At worst, it cannot prejudice the plaintiff". *(Prompt Elec., supra,* p 335; see, also, *Meenan Oil Co. v Long Is. Light. Co.,* 56 Misc 2d 425; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3018.14.)

Recently, the Appellate Division, Second Department, reached a conclusion contrary to *Prompt Electrical (supra)* holding as did *Sado (supra)* that a defense that a complaint failed to state a cause of action merely pleaded a conclusion of law and may not be asserted in an answer *(Glenesk v Guidance Realty Corp.,* 36 AD2d 852, 853). However, *Glenesk (supra)* has been criticized (see 23 Syracuse L Rev 290-291).

The pleading of affirmative defenses is discussed in Weinstein-Korn-Miller (NY Civ Prac, vol 3, par 3018.14, in the following terms:

"The pleader often finds himself in a quandry *[sic]* as to whether a given defense must be pleaded affirmatively or is within the scope of a general denial. This dilemma most frequently arises in connection with * * * matter that does not fall within the ambit of any of the affirmative defenses enumerated in CPLR 3018 (b). In this situation the defendant must decide whether it is matter 'which if not pleaded would be likely to take the adverse party by surprise * * *' The dilemma usually is resolved in favor of pleading affirmatively * * *. This resolution seems entirely appropriate and the affirmative defense should be permitted to remain; its presence does not render the answer insufficient, even if it turns out that the matter pleaded could have been raised by a general denial.

"In the absence of prejudice there is no reason to permit a motion to strike affirmative matter."

We agree with the rationale in *Prompt Electrical (supra),* that the defense of failure to state a cause of action may be inserted in an answer as an affirmative defense (CPLR 3211, subd [a], par 7). The pleading of that defense is, however, surplusage, as it may be asserted at any time even if not pleaded (CPLR 3211, subd [e]).

Nevertheless, inclusion of such defense in an answer is not prejudicial. It serves to give notice to the other side that the pleader may at some future time move to assert it. The choice whether or when to so move should remain with the pleader; the affirmative pleading of such defense is not a motion.

"Since a defendant might not want to move under CPLR Rule 3211, preferring a later motion for summary judgment [CPLR 3212, subd (a)], there is no reason why he should not be permitted to allege in his answer that a particular cause of action is substantively deficient, especially when it is recalled that this defect is unwaivable." (23 Syracuse L Rev 290; see CPLR 3211, subd [e].)

The assertion of that defense in an answer should not be subject to a motion to strike or provide a basis to test the sufficiency of the complaint. This view is consistent with the modern procedural objective of reducing rather than extending at the pleading stage the opportunity for disputes which delay or prevent disposition on the merits.* (2A Moore's Fed Prac, par 8.02, General Pleading Objectives.)

We cannot help but observe, however, that were we confronted with a motion challenging the sufficiency of the complaint on the ground that it failed to state a cause of action (CPLR 3211, subd [a], par 7), that motion would be denied.

Accordingly, the order of the Supreme Court, New York County (GELLINOFF, J.), entered October 23, 1975, which denied the motion to strike the first, fourth and fifth affirmative defenses contained in defendants' answer, to the extent appealed from, should be affirmed, without costs.

STEVENS, P. J., KUPFERMAN, SILVERMAN and MARKEWICH, JJ., concur.

Order, Supreme Court, New York County entered on October 23, 1975, so far as appealed from, unanimously affirmed, without costs and without disbursements.

---

* The Advisory Committee Report of October, 1955 in alluding to this objective stated: "The intent and effect of the rules is * * * to discourage battles over mere form of statement and to sweep away needless controversies * * * that [serve] either to delay trial on the merits or, to prevent a party from having a trial". (2A Moore's Fed Prac, par 8.01 [3], Advisory Committee Report of October, 1955.)