■ DAVID W. BERNSTEIN et al., Appellants, v VICTOR FREUDMAN et al., Respondents.—Order, Supreme Court, New York County (Louis Grossman, J.), entered October 8, 1986, which denied plaintiffs' cross motion (1) for summary judgment on the first and second causes of action; (2) for production of documents in order to calculate damages on the second cause of action; (3) for an order dismissing the first and second counterclaims; and (4) for an order striking the affirmative defenses; and which denied plaintiffs' second cross motion to

compel answers to interrogatories; and which granted defendants' motion for partial summary judgment dismissing the first and second causes of action, unanimously reversed, on the law, the plaintiffs' cross motions for summary judgment on the first and second causes of action, production of documents, dismissal of the first and second counterclaims, striking the affirmative defenses, and compelling answers to interrogatories granted and defendants' motion for dismissal of the first and second causes of action denied, with costs.

The present dispute grows out of a contract dated March 29, 1978. At that time, plaintiffs Joseph and J.D.K. Realty, Inc. (JDK) were the owners of real property in Staten Island, New York City referred to in the contract as group II land. Plaintiff Bernstein was the sole stockholder of JDK. Defendants Freudman, Lee and Berger were the owners of real property in Staten Island, referred to in the contract as group I land and located near group II land.

The purpose of the 1978 contract between the plaintiffs and the defendants was to provide sewage facilities for each group and to engage in a joint venture to develop other real property. Pursuant to the agreement, a corporation was formed by the defendants to build a sewage treatment plant. The agreement called for plaintiffs to receive 75% of the total authorized shares of stock of the new corporation (Lenevar Associates, Ltd.) and for defendants to receive 25% of the total authorized shares. The agreement further called for plaintiffs to convey to the new corporation some of the group II land in order to build the sewage treatment plant which would service group I land, group II's new land and joint land. Defendants agreed to build the sewage treatment plant.

The 1978 contract also created a category of property known as joint land. Whenever any part of the joint land was sold, plaintiffs were entitled to the payment of a sum of money pursuant to a formula set forth in the contract. In *Bernstein v Freudman* (102 AD2d 805 [1984], *affd* 64 NY2d 1044 [1985]), this court upheld the right of the plaintiffs to receive compensation for the sale of joint land.

The present controversy arises, in part, from the sale of additional joint land known as "Spells" land. Following the ruling of the Court of Appeals *(supra)*, the defendants paid plaintiffs pursuant to the contract. Plaintiffs then sought to amend their complaint to seek payment for the "Spells" land and to establish their right to a "participating interest" to the joint land. Their application to amend was granted and no appeal was taken from the decision permitting amendment.

The present amended complaint contains two causes of action which are at issue here. The first cause alleges that defendants have sold joint land known as Spells land, and plaintiffs are entitled to a sum of money pursuant to a formula set forth in the 1978 agreement. The second cause alleges that, pursuant to article fifth, paragraphs A and B of the 1978 contract, plaintiffs are entitled to a 25% "participating interest" in the joint land.

Following defendants' motion for discovery, plaintiffs cross-moved for summary judgment on the first and second causes of action. The motion court concluded that the prior action had established all of the relief to which plaintiffs were entitled and dismissed the first two causes of action on the grounds of res judicata. In this conclusion, the motion court erred. No payment was claimed for the Spells land in the prior action. In fact, it had not been sold at the time of that suit, and a sale was necessary in order to trigger the formula payment pursuant to the contract. Moreover, the prior suit did not deal with the "participating interests" of the plaintiffs or the defendants in joint land. Paragraph fifth of the contract required group I and group II to offer to the other group a "participating interest" in joint land to the extent of 75% for group I (defendants) and 25% for group II (plaintiffs). Thus summary judgment should have been granted to plaintiffs on the first and second causes of action, with the amount due under the second cause to be determined at a hearing. Moreover, the discovery sought, that is, various documents and a demand to answer interrogatories is relevant on the amount allegedly due under the second cause of action.

Finally, the first and second counterclaims and 4 of the 5 affirmative defenses should be dismissed. The first counterclaim (which is also the first affirmative defense) seeks a declaratory judgment that paragraph fifth of the 1978 agreement, which, *inter alia,* establishes the procedure for payments to be made to plaintiffs and defendants, does not apply to joint land. This issue, however, was settled by the prior litigation of the parties. The second counterclaim (which is also the fifth affirmative defense) alleges fraud in the making of the 1978 agreement but without the specifics necessary to withstand a motion to dismiss.

The first affirmative defense states that each cause of action fails to set forth facts sufficient to constitute a cause of action. This is mere surplusage but, because the third cause of action (for the return of management fees) remains, that affirmative

defense can also remain. *(See, Riland v Todman & Co.,* 56 AD2d 350 [1st Dept 1977].)

The third affirmative defense alleges that plaintiffs are splitting their causes of action. Since the amended complaint refers to matters not covered in the prior suit, this argument is rejected. The fourth affirmative defense alleges that more than six years have passed since plaintiffs were arguably entitled to acquire an interest in group I land and the action is barred by the Statute of Limitations. Since the amendment to the complaint relates back to the original suit, this defense must also be rejected.

Settle order. Concur—Kupferman, J. P., Sandler, Carro, Milonas and Smith, JJ.