■ DRAKE AMERICA CORPORATION, Respondent, v SPEAKMAN COMPANY, Appellant.—In an action to recover damages for breach of contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Dachenhausen, J.), entered April 23, 1987, as, *inter alia,* denied that branch of its motion which was to dismiss the complaint for lack of personal jurisdiction and granted the plaintiff's cross motion to strike the second and third affirmative defenses.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Speakman Company is a Delaware corporation that manufactures showerheads and other plumbing equipment. It does not maintain offices, bank accounts, telephone listings or warehouses in the State of New York. The plaintiff Drake America Corporation is a large exporting company which is authorized to do business in New York.

On or about October 10, 1974, the parties entered into an agreement whereby the plaintiff was given the exclusive right to distribute and sell the defendant's products "in all countries, except the continental United States, Alaska, Hawaii, Canada and the Bahama Islands". The agreement was for a two-year period. It was to be automatically renewed for succes-

sive two-year periods unless, at least 90 days prior to the expiration of the agreement, one of the parties gave notice, in writing, to the other of its intention to terminate the agreement. By letter dated October 29, 1985, the defendant canceled the agreement effective October 31, 1985. The plaintiff subsequently commenced this action claiming, *inter alia,* that the defendant breached the agreement by not complying with the foregoing termination procedures.

The defendant interposed an answer alleging, *inter alia,* as a second affirmative defense that the contract was a personal services contract that was inappropriately assigned and as a third affirmative defense that the court lacked jurisdiction over the parties. Thereafter, the defendant moved to dismiss the complaint upon the grounds, *inter alia,* that the court had no jurisdiction over the parties or subject matter of this action. The plaintiff cross-moved to strike the defendant's second and third affirmative defenses. The Supreme Court, Westchester County, denied the defendant's motion and granted the plaintiff's cross motion, concluding that the defendant's contacts with the State of New York were sufficient to confer personal jurisdiction over it.

CPLR 302 (a) (1) provides:

"As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

"1. transacts any business within the state or contracts anywhere to supply goods or services in the state".

This section, as amended in 1979, abolished the so-called "mere shipment rule" so that New York courts now have jurisdiction where a nondomiciliary enters into a contract outside the State that sends goods to New York, so long as the cause of action arose out of the contract *(West Mountain Corp. v Seasons of Leisure Intl.,* 82 AD2d 931). The 1979 amendment to CPLR 302 (a) (1) was proposed in order to extend New York jurisdiction to its constitutional limits *(Cooperstein v Pan-Oceanic Mar.,* 124 AD2d 632, 633). The contract in the case at bar provided that the defendant "will deliver all shipments purchased by the [plaintiff] f.o.b. Wilmington, Delaware. The [defendant] will allow freight on shipments which weigh five hundred (500) pounds or more consigned to freight forwarders or warehouse facilities in the Metropolitan New York City area". The defendant contends that the foregoing contractual delivery terms demonstrate that the contract was not one to

supply goods in the State of New York *(cf., Lemme v Wine of Japan Import,* 631 F Supp 456).

The jurisdictional significance of delivery terms such as f.o.b. has been an area of great controversy *(see, Island Wholesale Wood Supplies v Blanchard Indus.,* 101 AD2d 878). Nevertheless, the 1979 amendment to CPLR 302 (a) (1) abolishing the "mere shipment" rule suggests that the Legislature intended to give such delivery terms little or no jurisdictional import *(see, Cavalier Label Co. v Polytam, Ltd.,* 687 F Supp 872; *Cleopatra Kohlique, Inc. v New High Glass,* 652 F Supp 1254; *Foster Importing Co. v Creative Food Imports,* US Dist Ct, SD NY, Mar. 13, 1984, Haight, J.). In any event, we conclude that the last sentence in the shipment clause allowing freight on shipments over 500 pounds consigned to warehouse facilities in the metropolitan New York City area establishes that the defendant contracted to supply goods in the State of New York *(see, Lupton Assocs. v Northeast Plastics,* 105 AD2d 3).

Moreover, the record establishes that the defendant negotiated the contract at least in part in New York and had its representative meet with the plaintiff's representatives in New York on several occasions. In addition, it is conceded that the defendant's vice-president attended trade shows in New York. These additional contacts establish that the defendant also transacted business within New York *(see, Interface Biomedical Labs. Corp. v Axiom Med.,* 600 F Supp 731).

We conclude the defendants' second and third affirmative defenses were properly dismissed. As noted above, the defendant's third affirmative defense of lack of personal jurisdiction is meritless. Its second affirmative defense merely declares in a conclusory fashion that the agreement was a personal services contract. The defendant has failed to provide a factual basis or evidentiary proof for these allegations. Accordingly, the defense cannot stand *(see, General Aniline & Film Corp. v Bayer Co.,* 305 NY 479, 483; *Newgold v Bon Ray Hotel Corp.,* 263 App Div 899; *Monclova v Arnett,* 7 Misc 2d 357).

We have reviewed the defendant's remaining contentions and find them to be without merit. Eiber, J. P., Kooper, Spatt and Harwood, JJ., concur.